GENERAL ELECTRIC CO. v. INDEPENDENT LAMP & WIRE CO.

(District Court, D. New Jersey.   February 4, 1915.)

1. PATENTS ⬤═292—INFRINGEMENT—DISCOVERY—EQUITY RULE.

In a suit for the infringement of a patent, containing 23 claims covering process and 11 covering a product, wherein the answer denied the infringement, plaintiff's interrogatories, under equity rule 58 of the Supreme Court (198 Fed. xxxiv, 115 C. C. A. xxxiv), whether defendant had manufactured, sold, or used "incandescent electric lamps having filaments of drawn tungsten wire," following the language of a claim of the patent, whether defendant had made, sold, or used certain forms of tungsten metal, as described in certain claims of the patent, and whether defendant, in its manufacture of tungsten filament electric lamps, had used any processes covered by certain claims of the patent, except for typographical errors, were proper, and, if amended to conform to the patent, should be answered; but an interrogatory as to whether defendant would deliver a certain tungsten filament lamp made by it to plaintiff's counsel for use in the cause is not within the rule, and will be stricken out.

2. PATENTS ⬤═292—INFRINGEMENT—DISCOVERY—FORM OF QUESTIONS.

On the issue of infringement, it was no objection to plaintiff's interrogatories, propounded under such rule, that it would be difficult, if not impossible, for any officer of defendant company to answer them, because they were matters for expert opinion; and it was no valid objection that the terms and words used in the interrogatories and claims were susceptible of one or more meanings, because the answer could be in the alternative, and qualified to cover all of the susceptible meanings.

3. PATENTS ⬤═292—INFRINGEMENT—DISCOVERY.

Interrogatories propounded by plaintiff, under such rule, as to facts material to the support of the action and presumably within defendant's knowledge, not seeking to discover evidence, but whether defendant's process and product was covered by the claims of plaintiff's' patent, and not seeking defendant's opinion of the construction to be given to plaintiff's patent, are proper, even though a construction may eventually be given to the claims which will make the answers useless to plaintiff.

In Equity. Suit by the General Electric Company against the Independent Lamp & Wire Company. Motion to strike out interrogatories propounded by plaintiff, under equity rule 58 of the Supreme Court, denied, and defendant ordered to answer.

Howson & Howson, of New York City, for plaintiff.

William A. Megrath and Cornelius C. Billings, both of New York City, for defendant.

HAIGHT, District Judge. This suit is for an infringement of letters patent No. 1,082,933, granted to W. D. Coolidge December 30, 1913. The answer denies infringement. One of the issues, there-

---

fore, is whether the defendant does infringe. The plaintiff's patent contains 34 claims, the first 23 of which cover a process and the last 11 a product.

[1] The first interrogatory asks whether the defendant had manufactured, sold, or used "incandescent electric lamps having filaments of drawn tungsten wire." It follows exactly the language of the twenty-fifth claim of the patent. The third interrogatory contains six subdivisions, all of which are, in effect, whether the defendant has made, sold, or used certain forms of tungsten metal, such as described in the twenty-eighth, twenty-fourth, twenty-sixth, twenty-seventh, thirty-third, and thirty-fourth claims of the patent respectively. The fourth interrogatory in effect asks whether the defendant, in the manufacture of tungsten filament electric lamps, or for other purposes, has used any or all of the processes covered by claims 1 to 23, inclusive, of the patent. It contains 23 subdivisions, each of which relates to a particular claim. The language of the respective claims is followed exactly, except in two respects (both of which I conceive to be typographical errors), viz.: In the thirteenth subdivision the words "sintering the body," which appear in claim 13 of the patent, do not appear in the interrogatory; and in the eighteenth subdivision the words "lower limit" are used in the claim, but the words "lowest limit" in the interrogatory. The second interrogatory asks whether the defendant will produce a certain tungsten filament lamp made by it, and deliver it to the plaintiff's counsel for use in this cause.

I think all of the interrogatories, with the exception of the second, are proper, and should be answered, provided that subdivisions 13 and 18 of the fourth are amended to conform with the claims of the patent to which they relate. These may be amended accordingly, or otherwise they will be stricken out. The second interrogatory does not seem to me to come within the provisions of rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), and it will therefore be stricken out.

[2] The objection of the defendant to the other interrogatories seems to be that it will be difficult, if not impossible, for any officer of the defendant company to answer them, because the answers must be found in expert opinion. If the interrogatories are in other respects proper, this does not seem to me to be a valid objection to them. If a question cannot be answered, it is proper for the person to whom it is addressed to state that fact. In that event, if the plaintiff still pressed for an answer, the court would probably have to determine whether or not it could be answered. Manifestly, an interrogatory should not be stricken out merely because of the representation of counsel that it is difficult or impossible of answer by the person to whom it is propounded. It would also seem very unusual, indeed, if there were not some officer of the defendant corporation, which is engaged in manufacturing, who could not disclose whether or not, in the manufacture of certain articles, certain processes were used and certain products manufactured. It is also urged that the terms and words used in the interrogatories and claims are susceptible of one or more meanings; but this is not a valid objection, because the answer can be in the alternative, and qualified so as to cover all of the meanings which the term or word is susceptible of bearing. In addition, it

must be assumed that terms and words used in a patent have a well-defined meaning in the art of which the patent is a part.

[3] I think all of the interrogatories are clearly within the provisions of rule 58. They seek to elicit facts material to the support of the action. Plaintiff, in order to sustain his action, must prove infringement. The interrogatories seek to elicit facts, presumably within the knowledge of the defendant, which will tend to prove whether or not the defendant infringes. They do not seek to discover evidence, but rather the fact whether the product of the defendant and the process which it uses is that covered by the claims of the plaintiff's patent. They do not pry into the case of the defendant, except in so far as they seek to elicit facts which are necessary in support of the plaintiff's case. They do not, as counsel for the defendant seems to assume, ask for the defendant's opinion of the construction to be given to the plaintiff's patent. It may be that a construction will eventually be given to the claims which will make the answers to the interrogatories quite useless to the plaintiff; but this is no valid objection to the interrogatories, nor can the proper construction be determined in advance of the final hearing. As far as my research has extended, interrogatories such as these have uniformly been held proper by the English courts under order 31 of the English equity rules of practice, which is in substance the same as equity rule 58 of the Supreme Court. Benno Jaffé, etc., v. Richardson, 10 Reports British Patent Cases, 136, is an example. For a long while a statute, similar to this rule, has existed in the state of New Jersey, and these interrogatories, under the decisions of the courts of New Jersey construing the statute of that state, would be proper. Watkins v. Cope, 84 N. J. Law, 143, 86 Atl. 545.

The view which I entertain is not at all at variance with that expressed by Judge Sanborn in P. M. Co. v. Ajax Rail Anchor Co. (D. C.) 216 Fed. 634. The second, third, and fourth interrogatories in that case (which were propounded by the defendant) sought to elicit from the complainant its opinion as to the proper construction to be given to its patent. The fact in issue was infringement, and the opinion which the complainant had as to the construction to be given to its own patent was not a fact material to the defense of the action. The explanation given by Judge Sanborn as to why the others were stricken out needs no comment, because it is entirely clear that they did not seek to elicit facts which were material to the defense, especially as the defense upon which they were predicated, apparently, was stricken out by the court. The interrogatories in this case ask that certain facts, which must be peculiarly within the knowledge of the defendant and which are material in support of the plaintiff's case, be divulged; i. e., whether the defendant does certain things which the plaintiff's patent has given it the exclusive right to do. They do not ask for evidence in the sense in which that term is used by Judge Sanborn.

The plaintiff is therefore entitled to an order requiring such officer of the defendant corporation as may have knowledge of the facts sought to be ascertained by the interrogatories to answer all of the interrogatories which I have above held to be unobjectionable; and,

if there be one officer who has knowledge of one set of facts, and another officer of another set of facts, then the respective interrogatories must be answered by the officers who, respectively, have the knowledge. The order will require that the answer be made within ten days from the date thereof. If the parties cannot agree upon the terms of the order, I will settle it upon two days' notice.