QUIRK v. QUIRK et al.

(District Court, S. D. California, S. D.   July 10, 1919.)

No. D-66.

1. COURTS ⬤⟳351—FEDERAL PROCEDURE—INTERROGATORIES—PROCEEDINGS UNDER EQUITY RULE 58.

In view of the purpose of the new equity rules to abolish technical forms, where plaintiff propounded interrogatories under rule 58 (98 Fed. xxxiv, 115 C. C. A. xxxiv), such interrogatories are not open to objection on the ground that the matter sought to be discovered rested as much within the knowledge of plaintiff as defendant, and that they were intended to anticipate the defense, for a party cannot refuse to answer interrogatories unless the answer would infringe his constitutional privilege.

2. COURTS ⬤⟳351—FEDERAL PRACTICE—ANSWERS TO INTERROGATORIES.

Answer to interrogatories propounded under equity rule 58 (98 Fed. xxxiv, 115 C. C. A. xxxiv) should be full and complete, and any evasive answers by either party would probably justify the court to view with suspicion the contentions of the party so answering.

In Equity.   Suit by Florence Akeley Quirk against James Quirk and another.   Plaintiff filed, under equity rule 58, interrogatories addressed to the defendants, to which they filed objections.   Objections overruled.

Burt F. Lum, of San Francisco, Cal., for plaintiff.
Charles C. Montgomery, of Los Angeles, Cal., for defendants.

TRIPPET, District Judge.   The plaintiff filed under equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), at the time of the filing of the bill, certain interrogatories addressed to the defendants, seeking to have the defendants discover to the plaintiff certain facts.   The defendants, within proper time after the service of the interrogatories, objected to them, and each of them.   These objections, briefly stated, are to the effect that the matter sought to be discovered by the interrogatories rests as much in the knowledge of the plaintiff as of the defendants, that they are inquisitorial in character, that they seek evidentiary matter, that they are intended to anticipate the defense, and that some of them are answered in the answer.

[1] In determining these objections, it is necessary for the court to interpret that part of equity rule 58 which is as follows:

"The plaintiff at any time after filing the bill and not later than twenty-one days after the joinder of issue, and the defendant at any time after filing his answer and not later than twenty-one days after the joinder of issue, and either party at any time thereafter by leave of the court or judge, may file interrogatories in writing for the discovery by the opposite party or parties of facts and documents material to the support or defense of the cause," etc.

The rules of equity were reformed in 1912, for the purposes of the avoidance of delay and the attainment of justice.   In order to understand the scope of this rule, it is necessary to consider the abuses which were sought to be corrected by amending the rules and the man-

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ner in which the amended rules sought to correct the abuses. Under the former rules a bill in equity was filled with probative facts and often matters of mere evidence. This was done by the plaintiff in order to develop the case as far as possible by the pleadings. The answer under the old rules was required to be verified, unless the bill waived such verification; but where the verification was not waived the answer often avoided disclosure by denials for want of information and belief and upon information and belief, so that little was gained toward ending a lawsuit by the pleadings. The new rules abolish technical forms, verification of pleadings, excepting where the bill seeks special relief, and provide that the bill shall contain a short and simple statement of the ultimate facts, and the answer shall in short and simple terms set up the defense.

Under the old practice the evidence was all taken out of court by a commissioner, examiner, or master or by depositions, and then submitted to the court. In taking the evidence in this way, as the officer could not pass on the admissibility thereof, there was no way to prevent the record from being filled with all sorts of irrelevant matter. Under the new practice the court hears the evidence, and, the court's time being valuable, it is necessary that the chaff be sifted out of the case, and that the parties find out before the trial what their real controversy is. Under the old practice interrogatories were part of the pleadings, and it was inappropriate that the system of gathering facts or evidence from the opposite party should be extensive. Under rule 58, the evidence taken is no part of the pleadings, but it is to be used upon the hearing of the case. Rule 58 was promulgated in view of the abolition of all the abuses aforesaid, and if the courts enforce this rule with the object of accomplishing the purposes for which the reformed rules were adopted, it is believed the attainment of justice would be materially aided.

Since the equity rules were reformed for expediting and simplifying the practice and the attainment of the ends of justice, they should have a liberal interpretation and enforcement to that end. Some of the courts seem inclined to throw difficulties in the way of discovering the truth as provided by the rule under discussion, and oppose the evident purpose of it. The old rules are abolished. There is no reason why the procedure now should be hampered by restrictions imposed by any previous rules or procedure. The truth should always be sought after, and the courts should eagerly enforce any method of securing the truth. It makes no difference whether the facts are as much within the knowledge of the plaintiff as of the defendant. The facts have to be proven, and if the plaintiff can get an admission from the defendant, it saves the necessity of proving the facts, except by such admission of the defendant. The rule expressly provides that the plaintiff may propose interrogatories to elicit facts material to the support or defense of the case. To say that the plaintiff shall not inquire about the facts that may relate to the defense is to construe the rule in plain derogation of its language and purpose.

The provision giving the plaintiff 21 days after the joinder of issue to file interrogatories was inserted in the rule for the evident

purpose of allowing the plaintiff to inquire concerning the defense. The plain object of this rule is to dispose of issues in advance of the trial by compelling the parties to make admissions. This rule, properly enforced, will compel the parties to be honest concerning their pleadings, and parties to litigation ought to be compelled to be honest by putting them on oath and requiring them to be specific concerning the facts at issue. There is no reason why the parties should wait until the day of trial, and then bring in witnesses to prove facts that the parties may be compelled to admit under oath prior to the trial. The truth is always the truth, and telling the truth will not hurt any one, except in so far as he ought to be hurt. The only protection that should be afforded any litigant from answering any interrogatories, which call for material facts for the plaintiff or the defendant, is to protect him in his constitutional rights, such as to be compelled in a criminal case to be a witness against himself, and in matter of public policy, where the statute prohibits disclosures, such as confidential communications, etc.

Such a practice as here indicated would tend to shorten trials and materially aid the administration of justice and that is the very purpose of the rule under discussion. I have examined the hereinafter cited cases. Some of these cases have expressions supporting what has been said herein, but they are generally to the contrary. Batdorf v. Sattley Coin Handling Mach. Co., 238 Fed. 925 (and cases cited therein); Pressed Steel Car Co. v. Union Pac. R. Co. (D. C.) 241 Fed. 964; General Electric Co. v. Independent Lamp & Wire Co. (D. C.) 244 Fed. 825; Wagner et al. v. Meccano, Limited, 246 Fed. 603, 158 C. C. A. 573; Marquette Mfg. Co. v. Oglesby Coal Co. (D. C.) 247 Fed. 351.

[2] While it is not necessary for the court to make the following observation, in deciding the question here submitted, yet, since the court is discussing a rule of court, it is deemed proper to say that answers to interrogatories should be full and complete, and any evasive answers by either party would probably justify the court in viewing with suspicion the contentions of the party so answering.

The objections of the defendants to the interrogatories will all be overruled, as the facts called for are material to the issues.