## McLEOD TIRE CORPORATION v. B. F. GOODRICH CO.

(District Court, S. D. New York.   February 28, 1920.)

No. 554.

1. Patents ⬤═292—Inspection liberally allowed.

The court will allow inspection and compel answer to interrogatories in patent cases very liberally, stopping little short of requiring everything but the names of witnesses and such information as would enable the interrogator to bring forward untruthful testimony to meet the evidence of his adversary.

2. Patents ⬤═292—Inspection not denied because disclosing trade secrets.

In a tire patent case, inspection of working drawings or blueprints from the records of defendant, showing molds, cores, and other working parts used in the commercial production of defendant's tires, would not be

denied because of defendant's objection that these represented the details of a secret process of manufacture employed by defendant, although the secrecy of the process would be safeguarded by the order so far as possible.

In Equity. Suit by the McLeod Tire Corporation against the B. F. Goodrich Company. On plaintiff's motion to be allowed inspection of drawings, etc. Motion granted in part.

Bouvier & Beale, of New York City (Clair W. Fairbank and Irving M. O'Brieght, both of New York City, of counsel), for complainant.

Charles Neave, of Boston, Mass. (Merrell E. Clark, of New York City, of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. [1] It has been the practice in this district to attempt to simplify the issues and limit the testimony necessary at the trial by allowing inspection and compelling answer to interrogatories in patent cases very liberally. We have stopped little short of requiring almost everything except the names of witnesses and such information as would enable the interrogator to bring forward untruthful testimony to meet the evidence of his adversary. Dick v. Underwood (D. C.) 235 Fed. 300.

[2] The only objection to requiring inspection of working drawings or blueprints from the records of the defendant showing molds, cores, and other working parts which have been used in the commercial production of defendant's tires between October 7, 1916, and the date of filing the bill of complaint is because of the contention that these represent the details of a secret process of manufacture employed by the defendant. Even if these things are secret, they could be produced at the trial, so that I do not see how the privilege can be preserved absolutely. I therefore grant the inspection called for by (1). If the defendant desires any safeguards to preserve the secrecy of the process so far as possible, that matter can be taken up upon the settlement of the order.

The inspection demanded by 3 and 4 should also be granted. Defendant relies on its own prior use. It has stated, in answer to question 2 (c), that copies of certain construction sheets can be seen by complainant. These copies have been seen. I can under these circumstances discover no reason for refusing to allow inspection of blueprints of mold No. 1, core No. 1, and water bag No. 1, referred to in these construction sheets, or of the original construction sheets.

Motion granted, except as to item 2.