## HARTFORD v. CLEVELAND AUTOMOBILE CO.

(District Court, D. Delaware. July 13, 1921.)

No. 419.

1. **Equity** ⬥◯292—**Interrogatories must be founded on allegations of bill.**
   A defendant is not bound to answer an interrogatory not arising out of the antecedent matter stated or charged in the bill of complaint.

2. **Patents** ⬥◯292—**Interrogatories held not pertinent to issues made by bill for infringement.**
   Defendant in an infringement suit is not required to answer interrogatories calling for a comparison of its device with the drawings of a patent not in suit.

In Equity. Suit by Edward B. Hartford against the Cleveland Automobile Company. On objections by defendant to interrogatories. Sustained in part.

Clifford E. Dunn, of New York City, and Thomas F. Bayard, of Wilmington, Del., for plaintiff.

Clarence D. Kerr, of Fish, Richardson & Neave, of New York City, for defendant.

MORRIS, District Judge. The defendant has presented objections to plaintiff's interrogatories 3, 4, 5, 6, the second portion of 6a, 9, 10, and 11. I find nothing to distinguish the third interrogatory from the interrogatories considered by the District Court for the District of New Jersey in the case of General Electric Co. v. Independent Lamp & Wire Co., 244 Fed. 825. For the sake of uniformity in this circuit I am inclined to follow the rule of that case unless and until a different

⬥◯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rule is established by the Circuit Court of Appeals. The objection to this interrogatory will therefore be overruled.

[1] Interrogatory 4 and the second portion of 6a seem to be based upon an allegation of the bill. No objection having been made by the defendant to this allegation, I think I would not at this stage of the case be warranted in saying that such allegation is immaterial. The purpose of these interrogatories being to sustain this allegation, the objection thereto will be overruled. Interrogatories filed by plaintiff must be founded on the allegations of the bill or, as said in Equity Rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), must be "for the discovery by the opposite party or parties of facts and documents material to the support or defense of the cause." The defendant is not bound to answer an interrogatory not arising out of the antecedent matter stated or charged in the bill of complaint. Upon this ground the objections to interrogatories 9 and 11 will be sustained.

[2] Interrogatories 5 and 6 call for a comparison of defendant's device with the drawings of a patent not sued upon. I think such a comparison cannot be required. Luten v. Camp (D. C.) 221 Fed. 424, 429. The objections to these interrogatories will be sustained.

Interrogatory 10 calls for the production of documents, namely, "working drawings." I find no admission of record of the defendant that it has such documents in its possession, custody, or control. In the absence of such admission, there is nothing upon which to base an order directing their production. It is therefore unnecessary now to determine whether a defendant in a case of this character should be compelled to produce working drawings. The objection to this interrogatory will be sustained.

An order in accordance herewith may be submitted.