PARAFFINE COS., Inc., v. WIELAND.

DOBLE LABORATORIES v. THOMAS DAY CO.

(District Court, N. D. California, S. D. February 28, 1927.)

Nos. 1606, 1800.

1. Patents ☞310(17⁄8)—Defendant in infringement suit is entitled to bill of particulars stating claims infringed and infringing articles, precise patentable features, and precisely where that feature is found in defendants' device.

Defendants in patent infringement suit are entitled to a bill of particulars requiring plaintiff to state which claims of its patent it alleges to be infringed, the articles alleged to infringe, and precisely what plaintiff asserts is new and patentable in each claim, and precisely where, in defendants' device, there are found features set forth as new and patentable.

2. Patents ☞310(17⁄8)—Bill of particulars requiring plaintiff to identify alleged infringing devices "by location, address, and user's or owner's name," held objectionable.

In patent infringement suit, a bill of particulars requiring plaintiff to state what machines or devices were claimed to infringe and to identify such machine or device "by location, address, and user's or owner's name," held objectionable in its requirement of identification.

3. Patents ☞292, 310(17⁄8)—In patent infringement suit, bills of particulars and interrogatories will be liberally allowed.

In patent infringement suit, liberal principles will be followed in allowance of bills of particulars and interrogatories.

4. Patents ☞292—In infringement suit, interrogatories requiring exchange of dates of invention, conception, reduction to practice, and prior art and publication are proper.

In patent infringement suit, interrogatories requiring exchange of dates of invention, conception, and reduction to practice, and dates of prior art, prior publication, or anticipation, relied on by way of defense, are proper.

5. Patents ☞292—In infringement suit, interrogatories may require drawings or models, but should not call for explanation or comparison.

In patent infringement suit, interrogatories requiring drawings, blueprints, or models of devices involved are proper, provided they do not call for explanations amounting to secondary evidence as to the meaning of plans, nor should they call for comparison of device with drawings of patent not in suit.

6. Patents ☞292—Plaintiff may require a defendant to admit or deny that drawings or cuts submitted are correct representations of machines, subject of litigation.

The rule that interrogatories calling for drawings, blueprints, or models should not call for explanations or for comparison of device, with drawings of patent in suit, does not prevent a plaintiff from calling on defendants to admit or deny whether drawings or catalog cuts

submitted are true and correct representations of machines made, sold, licensed, or used, which are subject of litigation.

**7. Patents ⚖═292—Interrogatory requiring defendant to state whether it had made, used, or sold oil burner of kind described in catalog attached held proper.**

In patent infringement suit, interrogatory as to whether defendant prior to suit made, used, and/or sold any oil burner of such substantially same construction and operation as burner described in catalog, copy of which was annexed, held proper.

**8. Patents ⚖═292—Interrogatories designed to discover exact nature of defendant's machine and particulars of use held proper in infringement suit.**

In patent infringement suit, interrogatories designed to discover the exact nature of machines manufactured by defendant and the particulars as to his use, demonstration, license, or sale thereof, held proper.

**9. Patents ⚖═292—In infringement suit, interrogatories in language of claims are not necessarily objectionable.**

In patent infringement suit, interrogatories framed in language of claims are not objectionable, unless such language is ambiguous or debatable, or unless answers involve an admission or denial of infringement as legal conclusion.

**10. Patents ⚖═292—Interrogatories in language of claims of patent for oil burner held not objectionable.**

In suit for imprisonment of patent for oil burner, interrogatories in language of claims of patent held not objectionable.

**11. Patents ⚖═292—Interrogatory demanding copy of plaintiff's instruments of title held proper.**

In patent infringement suit, interrogatory requiring copies of instruments through which plaintiff derived its title held proper.

**12. Patents ⚖═292—Interrogatories requiring information as to when defendant learned of plaintiff's patent and as to notices of infringement held proper.**

In patent infringement suit, interrogatory requiring information as to when defendant first learned of the letters patent on which plaintiff was suing, and as to any notices of infringement received by defendant, held proper.

**13. Patents ⚖═292—Interrogatories need not be answered if likely to result in penalty through imposition of treble damages.**

In patent infringement case, a party will not be required to answer interrogatories which might result in a penalty through imposition of treble damages.

In Equity. Patent infringement suit by the Paraffine Companies, Inc., by Charles F. Wieland, and by the Doble Laboratories against the Thomas Day Company. On motion for bill of particulars and exceptions to interrogatories. Decree in accordance with opinion.

17 F.(2d)—63

Charles S. Evans and Charles O. Bruce, both of San Francisco, Cal., for plaintiff Paraffine Cos., Inc.

Lyon & Lyon, of Los Angeles, Cal., for defendant Wieland.

Charles M. Fryer, of San Francisco, Cal., for plaintiff Doble Laboratories.

John H. Miller, of San Francisco, Cal., for defendant Thomas Day Co.

KERRIGAN, District Judge. The frequency with which certain questions as to bills of particulars and interrogatories in patent suits are presented to this court makes it desirable to formulate certain rules in order to settle the practice in these matters. The two cases discussed in this opinion have been selected because, between them, they raise practically all of the points most frequently presented to this court.

The general principles upon which bills of particulars and interrogatories will be allowed by this court have been adequately set forth by Judge Bledsoe, in Wilson v. Union Tool Co. (D. C.) 275 F. 624, 627, as follows:

"* * * This court is disposed to accept the suggestions indulged in by Judge Augustus N. Hand of the Southern District of New York, contained in McLeod Tire Corp. v. B. F. Goodrich Co., 268 F. 205, 206. It is there said: 'It has been the practice in this district to attempt to simplify the issues and limit the testimony necessary at the trial by allowing inspection and compelling answer to interrogatories in patent cases very liberally. We have stopped little short of requiring almost everything except the names of witnesses and such information as would enable the interrogator to bring forward untruthful testimony to meet the evidence of his adversary.' * * * In this wise, the plaintiff, in patent cases for instance, will be required to state the precise right asserted by him and the precise trespass upon that right alleged to have been committed by the defendant; the defendant on his part, setting up matters of anticipation or the like, will be required to state the precise nature of the right thus asserted by him which is claimed to amount to a defense, etc. This will not require that either party shall write a brief, or any thing in the nature of a brief. It does not mean the giving or stating of reasons for the attitude assumed or the right claimed. It simply means that there shall be a definite, succinct, and precise assertion of the thing that is relied on, either in support of claimed relief or by way of defense. I think such a course of procedure will conduce to added clarity in the statement and understanding of the issues involved, and will

bring about a much hoped for economy in the matter of effort, time, and money."

### Bills of Particulars.

[1] Bills of particulars will be allowed upon defendants motion requiring plaintiff to state which claims covered by its patents it alleges to be infringed by defendant, which articles manufactured or sold by defendant are alleged to infringe plaintiff's patents, precisely what plaintiff asserts is new and patentable in each of the claims of the patents in suit alleged to be infringed, and precisely where in defendant's alleged infringing device there are found the features set forth by plaintiff as new and patentable. Wilson v. Union Tool Co., supra. See, also, A. B. Dick Co. v. Underwood Typewriter Co. (D. C.) 235 F. 300; Universal Oil Prod. Co. v. Skelly Oil Co. (D. C.) 12 F.(2d) 271.

[2] In the Paraffine Case here defendant has largely adopted the phrasing approved in Wilson v. Union Tool Co., supra, and his bill of particulars is unobjectionable with one exception. Paragraph 2 thereof reads:

"What pipe-wrapping machine or machines or other device or devices, made, used, or sold by the defendant, are claimed by the plaintiff to infringe said letters patent No. 1,-500,769, identifying such pipe-wrapping machine or machines, device or devices, by location, address, and user's or owner's name?"

In requiring plaintiff to identify these machines by reference to their location in the hands of purchasers from defendant, defendant is asking for matter beyond the scope of proper inquiry.

Defendant's motion for a bill of particulars in the Paraffine Case will be granted, upon striking out the words, "identifying such pipe-wrapping machine or machines, device or devices, by location, address, and user's or owner's name."

In view of the granting of this motion for a bill of particulars, defendant's interrogatories 10, 11, 12, 13, in the Paraffine Case, covering the same material, will be disallowed.

### Interrogatories.

[3] Interrogatories in patent suits normally fall into some one of the following classes: (1) Dates; (2) drawings, blueprints, and models of the devices in litigation; (3) acts of infringement; (4) matters relating to anticipation, prior art, and prior disclosure; (5) miscellaneous matters. The general, liberal principles in the allowance of interrogatories set forth in McLeod Tire Corp. v. B. F. Goodrich Co. (D. C.) 268 F. 205, quoted in Wilson v. Union Tool Co., supra, will be followed in this court.

### Exchange of Dates.

[4] As recently declared by this court in Clairemont Sterilized Egg Co. v. Kasser Egg Process Co. (D. C.) 14 F.(2d) 143, following A. B. Dick Co. v. Underwood Typewriter Co. (D. C.) 235 F. 300, there should always be an exchange of dates, covering the dates of invention, conception, and reduction to practice of the invention, and the corresponding dates as to the state of the prior art, prior publication, or anticipation set up by defendant by way of defense. In order to safeguard the rights of both parties the answers as to such matters should be sealed and deposited with the clerk.

In the Paraffine Case, therefore, defendant's interrogatories 1, 2, 4, 5, and 6, and plaintiff's interrogatories 2, 4, 6, 9, 12, 15, 18, 20, 21, and 26 will be allowed, the parties to agree upon the dates when the sealed answers shall be filed.

### Drawings, Blueprints and Models.

[5] Each party may secure drawings, blueprints, or models of the devices involved in the litigation. Where, however, the first drawings and sketches of an invention are requested, and they involve disclosure of dates, they are to be filed under seal as in the case of the exchange of dates. In the Paraffine Case, filing under seal is necessary in the case of plaintiff's interrogatory 22.

Defendant's interrogatory 14 clearly falls within the proper field for such interrogatories, and will be allowed.

[6,7] In connection with such drawings, blueprints, and models, it should be said that interrogatories concerning them should not call for explanations amounting to secondary evidence as to the meaning of the plans. Luton v. Camp (D. C.) 221 F. 424. Nor should interrogatories call for the comparison of a device with drawings of a patent not in suit. Hartford v. Cleveland Automobile Co. (D. C.) 275 F. 590. This does not, however, prevent a plaintiff from calling upon a defendant to admit or deny whether drawings or catalogue cuts submitted by plaintiff are true and correct representations of the machines made, sold, licensed, or used by defendant, which are the subjects of the litigation. For this reason interrogatories I, II, III, and IV, propounded by plaintiff in the Doble Case, are proper and will be allowed.[1]

---

[1] Interrogatory I reads as follows: "Did the defendant, Thomas Day Company, subsequent to November 1, 1921, and prior to the commencement of this suit make, use and/or sell, within the Northern district of California any oil burner substantially the same in construction, mode of operation, and function as

Such interrogatories do not require expert analysis, comparison, and explanation such as was rightly held objectionable in Luton v. Camp, supra, where two sets of blueprints were to be compared and the differences explained. They merely afford plaintiff a convenient substitute for the production of defendant's machine or a model thereof at the trial of the cause, by giving information as to the exact nature of defendant's machine or device.

### Acts of Infringement.

Interrogatories designed to define the issues as to acts of infringement ordinarily seek to discover from defendant whether he is using or has made, licensed, or sold devices covered by plaintiff's patent, and from plaintiff precisely what device used, made, or sold by defendant he considers to infringe.

It has already been held by this court that defendant may inquire of plaintiff as to what act or acts of defendant are complained of as infringements of plaintiff's patents. Clairemont Sterilized Egg Co. v. Kasser Egg Process Co., supra. Accordingly defendant's interrogatory 7 in the Paraffine Case is proper and is allowed.

[8] Plaintiff, in the Paraffine Case, has asked a series of interrogatories designed to discover the exact nature of the pipe-wrapping machines manufactured by defendant, and the particulars as to his use, demonstration, license, or sale thereof. These interrogatories are free from objection, and Nos. 1, 3, 5, 7, 8, 9, 11, 12, 13, 14, 16, 17, 19, 23, and 24 are allowed.

[9] The exceptions to plaintiff's interrogatories in the Doble Case raise the question as to the propriety of interrogatories framed in the language of the patent claims. Certain language in A. B. Dick Co. v. Underwood Typewriter Co., supra, and in Rodman Chemical Co. v. Houghton Co. (D. C.) 233 F. 470, is often made the basis for argument that interrogatories framed in the language of the claims are objectionable. These cases, however, go only so far as to say that such interrogatories are to be denied when the language of the claims is ambiguous or debatable, as containing terminology susceptible of various meanings, or where the answers called for involve the admission or denial of infringement as a legal conclusion.

Where the terms and descriptions of the oil burner shown, disclosed, and described in the catalogue, a photostatic copy of which is annexed hereto and marked 'Exhibit A' and the drawings annexed hereto and marked 'Exhibit B,' or any thereof?"

device inquired about have a definite and well-known meaning in the art, the fact that they are part of the language of the patent claims is immaterial. Plaintiff is entitled to know the ultimate facts as to defendant's device, and whether defendant's device or process is covered by the claims of plaintiff's patent. The fact that plaintiff uses the language of his claims in inquiring as to these facts does not necessitate a construction of the claims by defendant, nor an admission or denial of the fact of infringement. It requires merely an answer as to whether or not defendant's devices or parts thereof correspond to plaintiff's device. Construction of the patent and its claims is left to the court. General Electric Co. v. Independent Lamp & Wire Co. (D. C.) 244 F. 827.

[10] On this reasoning plaintiff's interrogatories V and VI, in the Doble Case, are without objection, and will be allowed.[2]

### Matters Relating to Anticipation, Prior Art, and Prior Disclosure.

Plaintiff is entitled to information as to the dates of the uses set up to show prior art (under seal, as mentioned above), and to inquire as to the mechanical features of earlier machines or devices covered by prior patents, which will be relied upon by defendant at the trial of the cause. Cobb Temperature Regulator Co. v. Baird (D. C.) 292 F. 909. Plaintiff's interrogatories 10, 25, and 26, in the Paraffine Case, are therefore allowed.

### Miscellaneous.

[11] There are several interrogatories which have been requested, but which do not fall within any of the above classes. One of these demands from plaintiff copies of instruments

2 Interrogatory V reads as follows: "Subsequent to November 1, 1921, and prior to the commencement of this suit, did defendant Thomas Day Company, within the Northern district of California, make, use or sell any oil burner embodying or comprising (a) means adapted to receive a heat-absorbing medium, means for measuring and feeding fuel and atomizing said fuel, means for feeding air to the atomized fuel and blowing the mixture directly into said heat-absorbing medium containing means, wherein it is burned, and means for synchronously driving said fuel-measuring means and said air-feeding means; (b) means adapted to receive a heat-absorbing medium, a fuel-mixing device attached thereto, means for measuring and feeding the measured quantity of fuel to said device, means for atomizing said fuel, and means driven synchronously with said fuel-measuring means for adding air to the atomized fuel and blowing the mixture directly into said heat-absorbing medium containing means, wherein combustion of the mixture occurs?"

through which plaintiff derives title. It has been the uniform practice of this court to allow such interrogatories. Clairemont Sterilized Egg Co. v. Kasser Egg Process Co. (D. C.) 14 F.(2d) 143. Defendant's interrogatory 10 in the Paraffine Case is therefore proper.

[12] Interrogatories by a plaintiff, requesting from defendant information as to when defendant first learned of the letters patent upon which plaintiff is suing, and as to any notices of infringement received by defendant, are also proper. Accordingly, in the Paraffine Case, plaintiff's interrogatories 27, 28, and 29 will be allowed.

[13] It should be noted, with regard to all of the types of interrogatories herein discussed, that a party will not be required to answer interrogatories which might result in a penalty through imposition of treble damages. Wilson v. Union Tool Co. (D. C.) 275 F. 624.

The foregoing discussion is intended to establish the general lines of the practice of this court with regard to bills of particulars and interrogatories in patent suits. Special problems arising out of unusual issues will be settled in accordance with a similar liberal interpretation of the function of these aids toward simplification of trials.

With the co-operation of the bar in these matters, much delay should be eliminated from patent litigation.

Judge ST. SURE authorizes me to state that he is in accord with the conclusions expressed herein, and that the practice outlined will be followed in all cases involving these questions in this court.