## BOYSELL CO. v. COLONIAL COVER-LET CO., Inc.
### No. 230.

District Court, E. D. Tennessee, S. D.
Aug. 16, 1939.

R. Carmack Waterhouse, of Chattanooga, Tenn., for plaintiff.

Charles A. Noone, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

The question is on the motion to require the defendant to make answer to certain interrogatories which were objected to by the defendant and not answered. The interrogatories were in the nature of a discovery as to the character of the machines used by the defendant.[1]

---

[1] The interrogatories involved read as follows:

"3. State when defendant first received notice of existence or infringement of the patents in suit.

"4. If defendant has not made, used, or sold the machine and/or attachment set forth in Interrogatory No. 1, please illustrate by drawings in what manner defendant's structure deviated therefrom."

"6. When and for what periods was the machine and/or attachment of Interrogatory No. 5 made, used or sold by the defendant."

"10. If defendant has not made, used or sold machines and/or attachments of the

■ It is my judgment that the question is to be determined under the provisions of Rule 33, of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It is true that the litigation started and the interrogatories propounded before these Rules came into effect. But I understand the general rule of law is that procedural regulations, not affecting substantive rights, directly or indirectly, govern from the time such rules of procedure became effective.

■ It is obvious that the intention of the new rules is to expedite litigation, to save cost and principally and primarily to reach justice by obtaining a full disclosure of the truth in connection with any controversy. This does away with the idea that existed in certain quarters that the administration of the law was a game whereby an artful pleader might secure an unwarranted advantage over his less skilled opponent.

■ With this idea of intention of the Rules in mind, it is my judgment that a party under Rule 33, by interrogatories, may obtain a disclosure of matters in controversy, conditioned that such disclosure is pertinent to the issues and that such disclosure will not affect the fixed right of the person interrogated on matters not wholly germane to the question in dispute. In other words, being careful to hold disclosures to the strict issue and, using a common expression, the parties may be required "to lay all the cards on the table."

■ 1. The first objection is to the 3rd interrogatory which makes inquiry as to when the defendant knew of the plaintiff's patent or infringement.

This is a matter that will have to be disclosed at some time in the course of the litigation and is a part of the issue and not harmful to the defendant. This objection will be overruled. Paraffine Cos., Inc. v. Wieland, D.C., 17 F.2d 992.

2. The next objections are as to interrogatories Nos. 4, 10, 13, 16, and 19, which are objected to by the defendant on the grounds that the answers called for explanation of machinery which may not be covered by the complaints in the bill. As suggested in the brief for the plaintiff, these questions are in effect calling upon the defendant to point out the difference, if any, in the machine used by it and the machine covered by the plaintiff's patents.

■ I think that discovery should be confined to bare facts and not to any elaboration of explanation or comparison. These latter matters are proper for proof on the trial of the case. Hence, I think the objections to these interrogatories are well taken and are sustained. Paraffine Cos., Inc. v. Wieland, D.C., 17 F.2d 992; Koehring Co. v. Foote Co., D.C., 21 F.2d 569.

■ 3. The next objection is to answering interrogatories 6, 22, and 24, on the ground that these interrogatories are as to damages rather than the initial question of infringement. My judgment is that these questions will be proper for a special master on ascertaining damages, if such should be awarded, and if answered now would be of little benefit. These need not be answered.

■ 4. Objection is made to interrogatory number 21. This question is a little broad and it might be somewhat cumbersome to furnish a model or specimen of each

character described in Interrogatory No. 8, please illustrate by drawings in what manner defendant's structure deviated therefrom."

"13. If defendant has not made, used or sold machines and/or attachments of the character described in Interrogatory No. 11, please illustrate by drawings in what manner defendant's structure deviated therefrom."

"16. If the defendant has not made, used or sold machines and/or attachments of the character described in Interrogatory No. 14, please illustrate by drawings in what manner defendant's structure deviated therefrom."

"19. If defendant has not made, used or sold machines and/or attachments of the character described in interrogatory

No. 17, please illustrate by drawing in what manner defendant's structure deviated therefrom."

"21. If defendant denies making, using, or selling machines and/or attachments of the character described in Interrogatories No. 1, 5, 8, 11, 14, and 17, please furnish a model or specimen of any and all machines and/or attachments so made, used or sold by defendant.

"22. How many chenille tufting machines is defendant using in its plant at Chattanooga, Tennessee?

"23. Who made each type of such machines, and where were they purchased by defendant?

"24. How long has each of such machines been in operation?"

machine, yet this is the subject matter of the litigation and so far as possible, I think should be answered. In this respect the objection will be overruled. Paraffine Cos., Inc., v. Wieland, D.C., 17 F.2d 992.

5. The last objection is to interrogatory No. 23 on the grounds that the names of the persons called for are immaterial to the suit. I think that this information would in the end assist the Court or tend to assist the Court in arriving at the facts if it should appear that the defendant bought machines and later it could be ascertained from the persons who built them just how they were constructed. The answer to this question could not possibly hurt the defendant. This objection will be overruled.

Let an order be prepared in accordance with this opinion.