## LOOPER v. COLONIAL COVERLET CO., Inc.
### No. 4.

District Court, E. D. Tennessee, S. D.
Aug. 16, 1939.

R. Carmack Waterhouse, of Chattanooga, Tenn., for plaintiff.

Charles A. Noone, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

The plaintiff has interposed a motion to require the defendant to answer certain interrogatories which were not answered but objected to.[1]

For reasons set out in the opinion filed this day in the case of the Boysell Co. v. Colonial Coverlet Co., Inc., D.C., 29 F.Supp. 122, it is my judgment that the question is to be determined under the regulations of Rule 33, of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The first objection is to that portion of interrogatory No. 1, under the head-

---

[1] Interrogatories involved read as follows:

"1. With respect to each type of machine used by defendant in its manufacture of chenille products by machines, it is requested that defendant submit the following information:

"(a) Did the machine employ a sewing head and if so what type; (b) Did each machine employ a reciprocating needle carried by the head for passing through a slot in a bed plate; (c) Was said bed plate adapted to support fabric to be pierced by said needle; (d) did any or all types of the machines employ loopers positioned beneath said fabric and bed plate for engaging and holding loops formed by the needle carrying yarn through the fabric; if so, what was the character of the looper; (e) was the looper of the sliding or swinging type; (f) how and by what means was the looper actuated; (g) did the looper hold one or more uncut loops thereon during the operation of the machine; (h) did the machine or machines employ a cutter for severing the loops on the looper; (i) what type of cutter was employed; (j) where was the cutter positioned; (k) was it pivotally joined to the looper or independently mounted therefrom; (l) how and by what means was the cutter actuated; (m) did it cooperate with a cutting edge on the looper in severing the loops; (n) how were the cutter and looper kept in time relation with each other; (o) how were the looper and cutter kept in time relation with the reciprocating needle; (p) was the looper adjustable with relation to the position of the needle; (q) was the cutter adjustable with respect to the needle's position; (r) were the cutter and looper adjustable with respect to each other; (s) how were each of the above adjustments effected; (t) describe clearly and in detail the operation of each type of machine used by defendant.

"3. If the answer to interrogatory No. 2 is in the affirmative, state how many and for what period or periods they were made, used or sold by defendant."

"7. If the defendant denies making or using or selling attachments of the character shown in Exhibit 'B,' please illustrate by drawings in what manner defendant's structure deviated therefrom.

"8. State when the defendant first received notice of existence of infringement of the patent in suit.

"9. If defendant denies making or using or selling machines and/or attachments of the character shown in Exhibits 'A,' 'B,' and 'C' to these interrogatories, then furnish a model or specimen of any machines and/or attachments so made, used or sold by defendant during the last six years.

"10. Who made the parts for the machines and/or attachments used by defendant in its factory at Chattanooga, Tennessee, and when and where were they made.

"11. If these machines were constructed by defendant in its own factory, give the names of the persons assembling or constructing such attachments or machines."

"14. If the defendant has not made, used or sold machines and/or attachments of the character described in interrogatory No. 12, please illustrate by drawings in what manner defendant's structure deviated therefrom."

"17. If defendant has not made, used or sold machines and/or attachments of the character described in interrogatory No. 15, please illustrate by drawings in what manner defendant's structure deviated therefrom."

"20. If the defendant has not made, used or sold machines and/or attachments of the character described in interrogatory No. 18, please illustrate by drawings in what manner defendant's structure deviated therefrom."

"23. If the defendant denies making, using or selling machines and/or attachments of the character described in interrogatory No. 21, please illustrate by drawings in what manner defendant's structure deviated therefrom."

ing of (g), (i), (j), (k), (l), (m), (n), (o), (q), and (r). On examination of these interrogatories, I am of the opinion that they are somewhat similar to the other interrogatories in this question which have been answered by the defendant. As to whether these particular items are covered by patent in suit is not now to be definitely worked out by the Court. It is fair to assume that the questions at least would raise a controversy as to infringement and I think should be answered. The objections are overruled and the defendant required to answer.

Question 3 is an inquiry as to the length of time the defendant has used certain type of machines. I think this would go to the quantum of damages, if there should be damages and the same matters would have to be gone over again and is now preliminary. This objection will be sustained and the question need not be answered.

Question 7 is objected to on the grounds that it is beyond the scope of patent in suit. I am of the opinion that comparisons and explanations are not proper in interrogatories of this kind. This question need not be answered. Paraffine Cos., Inc. v. Wieland, D. C., 17 F.2d 992.

Under the same authority as above cited, I think question 8 should be answered.

Question 9 asked for a model or specimen of any machines or attachments. Such inquiries are proper if it should appear that there is a reasonable controversy as to whether there is an infringement. As I understand, there is an admission that the defendant's machine is substantially as shown by exhibit A to the interrogatories but not as to exhibit B. Modifying the answer required, I think that a model or specimen should be exhibited at the trial or in lieu thereof a blue print or drawing of the machine.

Interrogatory No. 10 asked for the names of person or persons who made the parts for the attachments. I think this would tend to aid in ascertaining the proof relative to the issue and direct that the question be answered.

For the same reason I think that interrogatory No. 11 should be answered.

For the reasons stated in passing on the objection of interrogatory No. 7, inter-

rogatories Nos. 14, 17, 20, and 23 need not be answered.

Let an order be accordingly prepared.