**SHRADER et al. v. REED.**

Civ. No. 12–51.

United States District Court
D. Nebraska, Omaha Division.

May 21, 1951.

Thomas E. Scofield, Kansas City, Mo., for plaintiffs.

Theodore L. Richling, Omaha, Neb., for defendant.

DONOHOE, Chief Judge.

This is an action involving an alleged patent infringement. The plaintiffs have propounded a series of interrogatories to be answered pursuant to the Federal Rules of Civil Procedure, Rule 33, 28 U.S. C.A. In regard to all, except two, of these interrogatories, the defendant has filed objections. These objections lack that degree of perspicuity which lends itself to a facile determination of a complex issue. This may be due in part, however, to the abstruse nature of patent infringement cases. In any event, the court cautions that objections to interrogatories should be sufficiently specific to the end that the court may, in considering such objections with the interrogatories propounded, ascertain therefrom their claimed objectionable character; that is, whether the interrogatory calls for matter that is relevant to the subject matter involved in the pending action, is privileged or oppressive or vexatious. Bowles v. Safeway Stores Inc., D.C., 4 F.R.D. 469. General objections to interrogatories are not proper. Hoffman v. Wilson Lines Inc., D.C., 7 F.R.D. 73; 4 Moore's Federal Practice (2d Ed.) p. 2336.

The first two interrogatories have been propounded for the purpose of narrowing the issues. In paragraph VI of the complaint, the plaintiffs allege that the defendant is infringing the plaintiffs' patent by selling devices embodying the patented inventions. The defendant, in paragraph IV of his answer, denies this allegation in toto. The first and second interrogatories seek to determine if the defendant denies ever having sold corn picker rolls of the type described in the interrogatories. If the defendant has not sold the type of corn picker roll described in the interrogatories, he can hardly be prejudiced by so stating. On the other hand, if he has sold the type of roll described in either of the interrogatories, his admission of this fact will narrow the issue to some extent. It will eliminate the necessary proof of the fact that he has sold the device described without in any way affecting his right to show that the roll described in the interrogatory does not infringe the plaintiffs' patent, or that the plaintiffs' patent is not valid because of "prior use" or lack of "invention". The plaintiffs' opportunity to obtain such an admission, if possible, and thereby limit the issues, is one of the essential functions of Rule 33. Patterson Oil Terminal v. Charles Kurtz & Co., D.C., 7 F.R.D. 250; 2 Barron and Holtzoff, Federal Practice and Procedure, Sec. 761, p. 415. These two interrogatories do not call for an opinion or conclusion of the defendant; nor do they require the defendant, in response, to make a comparison of structures from a patent standpoint; consequently, the interrogatories are not objectionable on these grounds

and should be answered by the defendant. Cf. Thomas French & Sons Limited v. Carleton Venetian Blind Co., Inc., D.C., 30 F.Supp. 903; Brewster v. Technicolor Inc., D.C., 2 F.R.D. 186.

The plaintiffs' interrogatories III through IX, inclusive, request information regarding the types of corn picker rolls sold by the defendant since November 1, 1946. The first ground of objection which the defendant has to this line of questioning is that the earlier patent in suit is dated December 6, 1949; and that sales prior to that time are not material since they could not, under any circumstances, constitute an infringement. The interrogator, however, points out that sales prior to the date of the patent are material to the issue of "prior use" which the defendant has injected in the case by his answer. The contention of the defendant that the scope of inquiry should be limited to the elicitation of evidence which would support the case of the examiner and that the examiner cannot be permitted to inquire into the case of his adversary is not tenable under the present language of Rule 33. Coca Cola Co. v. Dixi-Cola Laboratories, D.C., 30 F.Supp. 275, cited by the defendant in support of his position was in substance overruled by the 1946 Amendments which provide that "Interrogatories may relate to any matters which can be inquired into under Rule 26 (b)". 4 Moore's Federal Practice, Sec. 33.-08, p. 2284. For this reason the court is inclined to the view that these interrogatories should be answered.

The court would, of course, be reluctant to require the defendant to answer if this would entail an excessive or oppressive amount of research or compilation of data and a great expense. Cinema Amusements Inc. v. Loew's Inc., D.C., 7 F. R.D. 318. However, the only indication that this would occur is the following comment which the defendant makes in his objection: "Besides, don't they (plaintiffs) realize the large amount of research and checking of records answers to such questions would require, not to mention the sizeable cash outlay it would necessitate, assuming rolls of the various kinds defendant has handled during the past five years as a dealer were still obtainable?"

Recognizing the effectiveness of this rhetorical question for argumentative purposes, the court would like to suggest that the objection should affirmatively set forth these matters with specificity; and if necessary an affidavit should be filed in support thereof. Cf. Tivoli Realty Inc. v. Paramount Pictures, Inc., D.C.., 10 F.R.D. 201. The defendant does not assert that he does not have available the samples requested; nor does he state that they cannot be obtained; nor does he give any indication whatsoever as to the cost of obtaining the same. Under these circumstances, this court can hardly be expected to speculate in regard to the amount of research and expense involved in answering the interrogatories. The burden of persuasion is on the objector to show that the interrogatory should not be answered. Bowles v. Safeway Stores Inc., supra. In this case the objector has not sustained that burden.

The fact that to answer interrogatories might be burdensome or expensive is not a valid objection if the information is relevant and material, United States v. American Locomotive Company, D.C., 6 F.R.D. 35, and since there seems to be ample precedent for the type of questions propounded by the plaintiffs in interrogatories III to IX, inclusive, Boysell Co. v. Colonial Coverlet Co., Inc., D.C., 29 F.Supp. 122; Looper v. Colonial Coverlet Co., Inc., D.C., 29 F.Supp. 125; RCA Mfg. Co., Inc. v. Decca Records, Inc., D.C., 1 F.R.D. 433; Pierce v. Submarine Signal Co., D.C., 25 F. Supp. 862, the court overrules the defendant's objections to these interrogatories. To avoid undue expense, the defendant will be permitted to furnish the name, type, specifications and manufacturer of any requested corn picker roll, in lieu of the sample requested, if he does not have the sample available. This ruling on the defendant's objections does not prevent him from stating under oath that he cannot readily furnish any or all of the information requested. Cf. Canuso v. City of Niagara Falls, D.C., 4 F.R.D. 362. However, if he does so, the court suggests that he make

an account of the efforts made to obtain the information because this may have a bearing on the ultimate assessment of costs.

The defendant objects to plaintiffs' interrogatories XI through XVII, inclusive, on the ground that—"These questions are all premature, because defendant has not been allowed a reasonable length of time within which to complete his investigation of the prior art, and to check upon the available sources for prior uses and prior publications."

Since the defendant has seen fit to plead both "prior use" and "prior sale" as a defense in his answer, the court is forced to assume that either he has some of the information requested or that the pleading was not made in good faith. The answer to these interrogatories will serve to delimit the issues raised in the broad allegations of the defendant's answer. This is in accord with the very spirit of Rule 33, and in line with the doctrine announced in this District by Judge Delehant in Chenault v. Nebraska Farm Products, Inc., 9 F.R.D. 529. At page 532 of 9 F.R.D. he very clearly states: "On the present occasion several, though not all, of the interrogatories are prompted by allegations of the answer so broad, or or the assertion of details so numerous or of such character, that it may reasonably be supposed that the defendants rely for their defense only on a limited portion of the matter alleged in each instance. Such pleading presents a natural and obvious occasion for the submission of interrogatories designed to narrow the issues; for the plaintiff ought not to be driven, in the maintenance of his claim, to the pursuit of evidence upon items broadly alleged but actually not intended to be supported by evidence as defensive matter".

In view of what has been said, these interrogatories should be answered. If the defendant needs more time than that allowed under the rules, he is entitled to request the same by motion. His need for time, however, should not have been presented as an objection to the interrogatories. Nevertheless, to facilitate the expeditious handling of this matter, and to eliminate the necessity for a further motion by the defendant, the court will extend the time for the defendant to answer the interrogatories to sixty days from the date of the filing of this memorandum. This should give the defendant ample time to make an investigation of the matters requested.

The plaintiffs' interrogatories XIX and XX seek to determine if one L. H. Schultz Manufacturing Company has undertaken the defense of this suit, or to what extent, if any, he is cooperating in the defense of this suit.

Since the answer indicates that the defendant will rely on corn picker rolls manufactured by the Schultz Company to show prior use, the questions as to the interest of the Schultz Company in the suit seem proper. In any event, the defendant's answers to these questions could hardly prejudice his case.