| 48 | 397 |
| 63 | 565 |

## GEORGE TURNER *vs.* EDWARD DAVIS.

*A* was the tenant of *B* a mortgagor. *B* assigned the equity of redemption to *C* the mortgagee. *A* attorned to *C* and subsequently accepted from him a written lease agreeing to pay rent monthly, and stipulating that non-payment of rent for ten days should work a forfeiture of the lease. After the attornment and before the lease was given *C* brought suit for a foreclosure and for the possession of the premises, alleging that *B* was in possession. He obtained judgment in that suit the day after the execution and delivery of the lease to *A*, with stay of execution till the expiration of the time for redemption. After the rendition of the judgment *A* accepted a lease from *B* for the time during which execution was stayed. *A* failed to pay the first month's rent to *C*. *C* thereupon brought summary process against *A*, alleging that *A* was in possession as his tenant, and recovered judgment. Held that the last judgment was erroneous.

The principle that a person having different remedies may pursue all of them at the same time until he obtains satisfaction, has no application where the essential facts on which the different remedies depend are repugnant.

In such cases the party may have an election, but having elected and pursued to judgment one remedy, he is to be regarded as having abandoned all other remedies inconsistent therewith.

Here the decree for possession in favor of the mortgagee in the foreclosure suit against *B*, was based on his allegation that *B* was in possession; and being a

solemn judgment and later in date than the lease by the mortgagee to *A*, was to be taken as the election of the mortgagee to treat *B* and not *A* as in possession.

WRIT OF ERROR to reverse a judgment of a justice of the peace in a summary process to recover possession of leased premises; brought to the Court of Common Pleas of New Haven County and reserved for advice. The case is sufficiently stated in the opinion.

*H. S. Pardee,* for the plaintiff in error.

*C. S. Hamilton,* for the defendant in error.

GRANGER, J. This is a writ of error to reverse the judgment of a justice of the peace in a summary process proceeding, brought to the Court of Common Pleas, and by that court reserved for our advice.

The facts seem to be as follows:—Prior to April 3d, 1880, Turner, the plaintiff in error, was in possession of the premises. The property was subject to mortgages which were overdue, and he held under Woodruff, the mortgagor. On that day Turner agreed with Davis, the mortgagee, to hold under and to pay rent to him. Pursuant to that agreement they executed a written lease for one year from April 1st. That lease stipulated for monthly payment of rent, and that non-payment for ten days after due worked a forfeiture of the lease, and entitled the lessor to eject the lessee by a summary process. That proceeding was instituted for the non-payment of rent due on the 1st day of June. It seems that Davis held more than one mortgage, and that one of his mortgages was executed April 2d, 1880. The premises being thus subject to the lease that mortgage operated as an assignment of the reversion to Davis, and he was thereafter entitled to the rents. The case however was not brought on that lease. But it was competent for the parties to execute the lease of May 26th, and that lease is the foundation of the suit. If there was nothing else in the case it would be quite clear that Turner would have been the tenant of Davis under the last lease.

But it further appears that on the 14th day of April, eleven days after the attornment from Turner to Davis, Davis instituted a suit to foreclose his mortgage, alleging that *Woodruff was in the possession of the premises and claiming a judgment to eject him.* On the 27th day of May, one day after executing the lease to Turner, Davis obtained a judgment ejecting Woodruff from the premises, with stay of execution till March, 1881. On the 10th day of June Woodruff executed a lease to Turner of the premises for one year from March 28th, 1880. The summary process was commenced June 19th. Upon these facts the question was whether Turner was in law the lessee of Davis under the lease of May 26th; and that question hinges upon another, and that is, whether Davis or Woodruff was legally in possession of the premises after the judgment in the foreclosure proceeding.

As we have before intimated, had it not been for that judgment the legal possession would have been in Davis unquestionably. How is the possession affected by the judgment? Had the attornment been after the judgment the case would have been within and be governed by the case of *Lockwood* v. *Tracy,* 46 Conn., 447. In that event there would have been no inconsistency between the allegation in the complaint, conclusively established by the judgment, that Woodruff was in the possession, and the theory on which the present proceeding rests, that Turner was the tenant of Davis. As it is there is an irreconcilable inconsistency between Davis's position then and now. Then he averred and proved (and thereupon had a judgment,) that Woodruff was in the possession; now, in another forum for the same purpose, (the actual possession of the property,) and practically against the same party, he alleges that his own tenant is in possession, (which in law is his own possession,) and upon that averment has obtained a judgment. Can both judgments stand? We think not. The former judgment was applied for and rendered after the attornment. The later act being inconsistent with the former, and being a more deliberate and solemn proceeding, should be regarded

as the best evidence of his final conclusion, and as fixing his status for the purposes of the case. He elected to treat Woodruff as in possession, and invoked and obtained the aid of the court to eject him. He thereby waived and surrendered any and all rights derived from the attornment. That necessarily results from the principle that he could not occupy at one and the same time, with reference to the same subject matter, and for the accomplishment of the same object, two positions utterly inconsistent with each other.

Having obtained judicial action in his favor from one position, he could not resume the other and invoke the aid of the courts from that. The law will not permit him thus to play fast and loose. One position or the other must be a false one. Either might have been a true one in the first instance, but both could not stand together. Choosing the one he of necessity abandoned the other.

It is true the law often gives different remedies, all of which may be pursued at the same time. But they all rest substantially upon the same facts, and the remedies are not inconsistent. Where the facts upon which the different remedies depend are antagonistic—the facts alleged for the purposes of one remedy directly contradicting the facts necessary to be alleged for the purposes of the other—the party is not entitled to both, although he may have an election.

Again—after the judgment against Woodruff he executed a lease to Turner, presumably regarding the judgment as definitely fixing the rights of the parties, and thereby established the relation of landlord and tenant. Davis then controverting the facts alleged and found true in the case against Woodruff, alleges a contrary state of things in an action against Turner, which directly affects Woodruff's interest. It is certain that Woodruff could not controvert the facts established by the first judgment. With greater reason if possible Davis can not be permitted to dispute them. If Turner is in privity with Woodruff, as we think he is, the judgment must be conclusive against Davis in the present action.

We think therefore that the justice erred in holding that

the ninth paragraph of the answer, which sets up the judgment against Woodruff, and the tenth paragraph, which sets up the lease from Woodruff to Turner, were insufficient; and also in determining that Turner was the lessee of Davis under the lease of May 26th.

The Court of Common Pleas is advised to reverse the judgment.

In this opinion the other judges concurred.