## CARTER BROS., Inc., v. CANNON et al.

### Civ. No. 206.

District Court, E. D. Tennessee, S. D.

Oct. 4, 1941.

Carmack Waterhouse, of Chattanooga, Tenn., for plaintiffs.

Sam J. McAllester, of Chattanooga, Tenn., for defendants.

DARR, District Judge.

On several motions filed in this case there have been hearings and briefs submitted. Several questions have been eliminated by stipulations and otherwise.

One question left to be determined is upon objections to interrogatories propounded by the defendants.

█ The objections to interrogatories Nos. 19, 23, 27, 31, 35, 39, 45, 47, 51, 55, 59, 63, 67, 71, 75, 79, 83, 87, 91, 95, 99, 103, and 107 are that these interrogatories call for opinions and require plaintiffs to make comparisons of structures.

I think these objections are well taken and they are sustained. Boysell Company v. Colonial Coverlet Co., Inc., D. C., 29 F.Supp. 122; Looper v. Colonial Coverlet Co., Inc., D.C., 29 F.Supp. 125.

█ Not being sure at this stage of the proceedings as to the relationship of the matters inquired about in interrogatories Nos. 118, 119, 120, 128, and 129, I would be better satisfied to require these questions to be answered.

The objections to these interrogatories are overruled.

█ It is my judgment that interrogatories Nos. 134, 135, 136, and 137 call for information that is not presently necessary in the litigation. There first should be an adjudication of an infringement before the question of damages is taken up.

The objections to these interrogatories are sustained.

As I understand the other objections to the defendants' interrogatories have been cured by the stipulations or waived by the plaintiff.

There appears to be a portion of the motion made by the plaintiff to strike and for a bill of particulars left for decision.

A part of this motion is to strike paragraph 9 of the answer. I see no harm in leaving this in at present, and this part of the motion is overruled.

█ Section 4 of this motion asks that the defendants be required to particularize certain patents referred to as a prior art. The rule seems to be that such defense need not be especially pleaded or particularized. Walker on Patents, Vol. 4, p. 2769 and cases cited.

For this reason this part of the motion to particularize is overruled.

The balance of the motion to strike and for a bill of particulars has been eliminated by stipulations.

Let an order be drawn in accord with this memorandum.