FRANK CRESCENTI v. EARL E. NAILOR

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 70824

Memorandum filed June 7, 1949.

*Benjamin F. Goldman,* of New Haven, for the Plaintiff.

*Anthony A. E. DeLucia,* of New Haven, for the Defendant.

INGLIS, J. The complaint in this action charged the defendant with gross negligence and, the defendant admitting liability, judgment was entered for the plaintiff to recover damages for personal injuries sustained by him by reason of the defendant's negligence. The plaintiff now moves that the judgment be reopened to permit him to allege in substance that the defendant's actions which caused his injuries constituted wilful and malicious conduct and were wilful and wanton. His sole purpose is to obtain a judgment on such grounds that the debt thereon will not be discharged by the defendant's bankruptcy.

The Bankruptcy Act (11 U. S. C. § 35) provides that "A discharge in bankruptcy shall release a bankrupt from all his provable debts . . . except such as . . . (2) are liabilities . . . for willful and malicious injuries to the person or property of another. . . ." "A wilful and malicious injury is one inflicted intentionally without just cause or excuse. It does not necessarily involve the ill will or malevolence shown in express malice. Nor is it sufficient to constitute such an injury that the act re-

sulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional." *Rogers* v. *Doody,* 119 Conn. 532, 534.

Without rehearsing in detail the evidence which was produced by the plaintiff on the trial, although it is true that it evinced recklessness and even a wanton disregard for the safety of others, it could not possibly be inferred therefrom that the injuries were inflicted intentionally. Upon the original trial the circumstances were gone into sufficiently to assure that the story of what happened in connection with the accident was presented in the light most favorable to the plaintiff. There is, accordingly, no likelihood that on a new trial it could be made to appear that the defendant intentionally caused the injuries sustained by the plaintiff. It would therefore avail the plaintiff nothing in the end to order a new trial.

The motion is denied.