## Frank V. Feroleto *v.* Dolan Steel Company, Inc., et al.

Superior Court     Fairfield County     File No. 103811
AT Bridgeport

Memorandum filed November 13, 1958

*Louis Feinmark,* of New Haven, and *John J. Mc-Guinness,* of Bridgeport, for the plaintiff.

*Gregory C. Willis,* of Bridgeport, for the defendants.

MacDonald, J. By a motion for disclosure and production dated February 13, 1958, plaintiff, pursuant to §§ 70 and 73 of the rules of practice, as amended, sought disclosure of certain information about the business affairs of the defendant corporation Dolan Steel Company, Inc. The undersigned, hearing argument as the court on March 14, 1958, denied the motion. A motion for permission to reargue having been filed by plaintiff, the matter by agreement was again fully heard by the undersigned at New Haven on October 24, 1958.

In his complaint, plaintiff alleges, in each of the five counts, an agreement whereby the named individual defendants promised plaintiff a 40 per cent interest in Dolan Steel Company, then unincorporated, later incorporated as the named defendant, Dolan Steel Company, Inc. The relief claimed in the five counts is as follows: (1) First count, on contract, $1,600,000 in damages. (2) Second count, a mandatory injunction requiring transfer to plaintiff of 40 per cent of the stock of Dolan Steel Company, Inc., $1,600,000 damages and such other equitable or legal relief as plaintiff might be entitled to receive. (3) Third count, on a quantum meruit, $1,600,000 damages. (4) Fourth count, an accounting. (5) Fifth count, dissolution of the defendant corporation and an accounting.

The plaintiff is seeking both equitable relief, including a mandatory injunction ordering a transfer of 40 per cent of the stock of Dolan Steel to plaintiff, which can be awarded only by a court, and damages to be awarded by a jury. He cannot have both the stock and that portion of his claimed damages representing the value of the stock, and at some point must make an election. Once having made his election and pursued to judgment one remedy, he is to be regarded as having abandoned all other remedies inconsistent therewith. See *Turner* v. *Davis,* 48 Conn. 397, 400. At some point, plaintiff must elect whether he wants the stock or damages for breach of an agreement to transfer the 40 per cent interest in the company, and a ruling to this effect, made prior to trial upon appropriate motion or at the time of trial, would appear to be in order. On this point, our Supreme Court has stated in *Howard* v. *Sears Roebuck & Co.,* 122 Conn. 185, 192: "Nor has he [a party] a right to pursue inconsistent claims where the effect will be greatly to confuse and complicate the issues; *Rochon* v. *Preferred Accident Ins.*

*Co.,* 118 Conn. 190, 196, 171 Atl. 429; and where he attempts to do so in such a case the trial court may properly direct that he elect the position upon which he proposes to stand. Such a ruling would be within the discretion of the court, the exercise of which would be reviewable only so far as to inquire whether there had been an abuse of it." See also *Gorham* v. *New Haven,* 79 Conn. 670, 673.

In his present motion, plaintiff asks under (B) production for inspection by him of annual statements, balance sheets, profit and loss statements, minutes of stockholders' and directors' meetings and other documents and records to which he might well be entitled as a stockholder, but to which he clearly has no right as an outsider. Were he to be given access to such information merely because he has a claim against the corporation, the doors would be opened to permit any claimant to pry into the affairs of a corporation through court order, and results would be ridiculous as well as chaotic. If, on the other hand, plaintiff were to obtain a court order directing transfer to him of 40 per cent of the stock of Dolan Steel Company, Inc., he would, as a stockholder, have the right to demand much of the information requested. Similarly, if the court grants his prayer for an accounting, a demand for much of the information would be in order.

If, on the other hand, plaintiff obtains a jury verdict finding a breach of an agreement entitling plaintiff to money damages, he will have to proceed to establish his damages in the usual way—through the production of testimony and documents of the type now demanded. Plaintiff complains in argument that it would be inconvenient and burdensome for him to have to do this at the time of trial—or to obtain his verdict "in two bites," as it were—first proving the basis of his claim for damages and then, if successful in that step, proving the amount. How-

ever, on the other hand, there is no reason to impose upon defendants the burden of producing the information requested, much of it highly confidential, before plaintiff has established his right thereto.

Our disclosure rules, because of strenuous objections by the bench and bar of the state, are not as broad as the federal rules. See *Prizio* v. *Penachio,* 19 Conn. Sup. 381, 383. For this reason it is particularly significant, in searching for authorities, to find the federal courts consistently refusing requests for pretrial disclosure of confidential corporate information required to establish damages before the right to obtain damages of any kind has been proved. Many decisions in patent infringement cases are collected in 3 Federal Rules Digest (2d Ed.) p. 82 as authority for the general proposition that in patent cases interrogatories directed almost exclusively to damages should await a finding that plaintiff has established the validity of his patent and a right to an accounting; *Gagen* v. *Northam Warren Corporation,* 19 Fed. Rules Serv. 33.342, Case 1; 15 F.R.D. 44 (S.D.N.Y. 1953); and that such disclosures should not be allowed where a premature disclosure of confidential information might result. *Gordon Johnson Co.* v. *Hunt,* 16 Fed. Rules Serv. 33.317, Case 2 (N.D. Ohio 1952); see, to the same effect, *Ful-Vue Sales Co.* v. *American Optical Co.,* 15 Fed. Rules Serv. 33.317 (S.D.N.Y. 1951); *Lyophile-Cryochem Corporation* v. *Chas. Pfizer & Co.,* 10 Fed. Rules Serv. 33.317 (E.D.N.Y. 1947); *Singer Mfg. Co.* v. *Axelrod,* 20 Fed. Rules Serv. 33.321 (S.D.N.Y. 1954).

As pointed out in *Carter Bros., Inc.* v. *Cannon,* 2 F.R.D. 174 (E.D. Tenn. 1941) cited in 28 U.S.C.A. 464 (note 38 on Rule 33), in a patent infringement action there should first be an adjudication of infringement before the question of damages is taken up, and hence interrogatories calling for information on that question before an adjudication of an

infringement were objectionable as calling for information not presently necessary. So stated in 28 U.S.C.A. 417, in commenting on an article on Rule 33 in 28 Virginia Law Review 338: "Ordinarily there is no need to inquire into the business secrets and confidences of an adversary. Unlimited inquiry might well hamper a party in the conduct of his ordinary business. There can usually be no necessity for inquiring into the sales, net income, net worth, acquisitions and stock transactions of a party. Only special circumstances, such as derivative shareholder actions justify such interrogatories."

It is interesting to note that even federal court decisions holding interrogatories not objectionable as seeking discovery as to damages before liability has been established have done so where it is also found that the information sought does not concern confidential business affairs the disclosure of which might prejudice defendant. See *Drake* v. *Pycope, Inc.,* 16 Fed. Rules Serv. 33.317 (N.D. Ohio 1951).

The lines of reasoning followed by the federal courts under the more liberal federal rules pertaining to disclosure would appear to apply with even more force to the instant case.

The previous action on the motion for disclosure dated February 13, 1958, is affirmed—and same is denied except as then indicated as to paragraph A-1.