GERTRUDE DOTOLO *v.* ARTHUR J. PETRUCELLI

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued May 5—decided June 4, 1965

*James M. S. Ullman,* for the appellant (defendant).

*David Brown,* for the appellee (plaintiff).

MURPHY, J. The plaintiff was injured on January 30, 1962, when an automobile in which she was a passenger was struck in the rear by an automobile operated by the defendant's agent. In an attempt to negotiate a settlement of the plaintiff's claim against the defendant, an attorney in Massachusetts corresponded with the defendant. The defendant indicated a willingness to settle, and, after much correspondence, the plaintiff's attorney, on January 10, 1963, offered to accept $975 in full settlement. In reply, on January 15, the defendant wrote that the figure was reasonable, but that since he had to borrow the money with which to pay it, he requested the attorney to take a little less. To this request, the attorney, on January 16, 1963, notified the defendant that $975 was the minimum acceptable amount. There was no further correspondence. After the Statute of Limitations applicable to a suit in negligence (General Statutes § 52-584) had expired, the plaintiff, on May 4, 1964, caused this action in three counts to be instituted by a Connecticut attorney.

The case was submitted to the trial court on a stipulation of facts and the letters which had been exchanged. The court filed no memorandum of decision but rendered a summary judgment for the plaintiff in the amount of $975 upon her motion therefor under the second count, which alleged that the plaintiff had refrained from suing the defendant when he agreed to pay her the sum of $975. Upon appeal, the Appellate Division of the Circuit Court affirmed the judgment, and we granted certiorari.

The review in this court is restricted to the judgment under the second count. The sole question is whether there was an offer and an acceptance sufficient to constitute a contract between the parties. There was not. At most, the defendant, in the last letter written on January 15, conceded the reasonableness of the amount requested. He did not agree to pay it but rather asked for a reduction in the demand. The subsequent refusal by the plaintiff's attorney to lower the figure and the failure of the defendant to do anything more did not constitute an acceptance.

As the case was submitted upon an agreed statement of facts, no finding was made or required. *Sheldon House Club, Inc.* v. *Branford,* 149 Conn. 28, 30, 175 A.2d 186. The facts in the stipulation do not support the judgment which, in effect, was a conclusion that an enforceable contract had been negotiated. The legal construction of a contract presents a matter of law for the court. *Libero* v. *Lumbermens Mutual Casualty Co.,* 143 Conn. 269, 274, 121 A.2d 622, and cases cited. Terms cannot be added to a contract by interpretation. *Connecticut Union of Telephone Workers* v. *Southern New England Telephone Co.,* 148 Conn. 192, 200, 169 A.2d

646. The correspondence does not show the unequivocal acceptance of the amount demanded in settlement. *Leigh* v. *Smith,* 138 Conn. 494, 496, 86 A.2d 567. The judgment cannot be sustained.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.