GERTRUDE DOTOLO *v.* ARTHUR J. PETRUCELLI, SR.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 7-635-3423

Argued May 16—decided July 15, 1966

*David Brown,* of Meriden, for the appellant (plaintiff).

*James M. S. Ullman,* of Meriden, for the appellee (defendant).

PRUYN, J. The plaintiff was injured in an automobile accident on January 30, 1962, alleged to have been caused by the negligence of the defendant's agent. This action was instituted on May 4, 1963. The complaint contains three counts; the first is in negligence, the second is based on an alleged agreement in writing by the defendant to pay $975 in settlement of the plaintiff's claim in consideration of her refraining from instituting suit, and the third is based on an oral agreement of the same tenor. The defendant's answer contained a general denial and a special defense to the first count of the Statute of Limitations. In her reply, the plaintiff in avoidance of such special defense alleged facts concerning estoppel and fraud. The facts were stipulated by the parties. Both parties moved for summary judgment on all three counts. The plaintiff's motion was granted in respect to the second count, but on appeal the judgment was set aside, and judgment was ordered for the defendant on the second count. *Dotolo* v. *Petrucelli,* 152 Conn. 654, 657.

Subsequently, the defendant's motion for summary judgment was granted on the first count, and the appeal before us raises the question of the correctness of the trial court's action. Our rules provide for the granting of a summary judgment "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 303. The purpose of the summary judgment procedure is to dispose of actions when there is no genuine issue as to any material fact, and the function of the trial court in considering a motion for summary judgment is to determine whether an issue of fact exists but not to try that issue if it does exist; if on full inquiry no defense on the facts is found to exist, a summary judgment is justified. *Rathkopf* v. *Pearson,* 148 Conn. 260, 263-264.

The sole question before the trial court was whether the plaintiff's plea in avoidance was well founded. Practice Book § 303; *Perri* v. *Cioffi,* 141 Conn. 675, 680. In passing on this question, the court had before it the pleadings, the stipulation of facts, the proceedings on the plaintiff's motion for summary judgment, and the defendant's affidavit in support of his motion. It is significant that the plaintiff did not file a counter affidavit of facts to support her plea in avoidance, as she specifically had the right to do. Practice Book § 299.[1] The stipulation of facts contains correspondence between an attorney in Massachusetts, where the plaintiff resided, representing the plaintiff, and the defendant in an attempt to settle the former's claim. Offer and counter offer were made; the defendant indi-

---

[1] The penultimate sentence of § 299 has been amended, effective September 1, 1966, to read: "The adverse party prior to the day of hearing *shall* file opposing affidavits *and* other available documentary evidence." (Italics supplied.)

cated that he wanted to settle the case and he asked for a fair figure. On January 10, 1963, the attorney submitted a figure of $975 in full settlement. In reply, the defendant wrote that that was a reasonable figure but, as he had to borrow the money, "[W]ould you take a little less than $975?" On January 16, 1963, which was two weeks before the expiration of the Statute of Limitations, the attorney wrote that $975 was "positively the minimum" that he would accept. There was no further correspondence. Suit was thereafter brought in May, 1963, more than a year after the plaintiff was injured.

Section 52-584 limits the time for the bringing of an action to recover damages for personal injuries caused by negligence to one year from the date of the injury. The main purpose of the statute is to prevent the enforcement of stale claims, so that witnesses may be available for defense; it is a statute of repose. *Anderson* v. *Bridgeport,* 134 Conn. 260, 266. While the language of the statute is clear and explicit, it is well recognized that a defendant may be estopped by his agreement, conduct, representations or fraud from asserting the bar of the statute. 53 C.J.S., Limitation of Actions, § 25.

The facts as stipulated by the parties do not support the plaintiff's claim of fraud and estoppel and, the plaintiff not having filed any counter affidavit or other documentary evidence, the court was correct in rendering a summary judgment in favor of the defendant.

There is no error.

In this opinion LEVINE and HERMAN, Js., concurred.