George W. SHINABARGER, Plaintiff-Appellant,

v.

UNITED AIRCRAFT CORPORATION and Liberty Mutual Insurance Company, Defendants-Appellees.

No. 344, Docket 30758.

United States Court of Appeals Second Circuit.

Argued April 10, 1967.

Decided July 13, 1967.

Herbert Watstein, Watstein & Watstein, Bristol, Conn. (Julius Watstein, Bristol, Conn., on the brief), for appellant.

John D. Fassett, New Haven, Conn. (William J. Doyle and Wiggin & Dana, New Haven, Conn., on the brief), for appellees.

Before LUMBARD, Chief Judge, and SMITH and FEINBERG, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Plaintiff in a personal injury action against United Aircraft Corporation and its liability insurer, Liberty Mutual Insurance Company, appeals under F.R. Civ.P. 54(b) from an order of the United States District Court for the District of Connecticut, William H. Timbers, Chief Judge, granting summary judgment of dismissal of the action against defendant United Aircraft, 262 F.Supp. 52. We affirm as to counts one, three, four and six; reverse as to counts two and five.

■ On the appeal from granting of the motion we must take the allegations of plaintiff's affidavits as true. Plaintiff, employee of a trucking company, was injured while delivering helicopter rotor blades for overhaul at United Aircraft's Bridgeport, Connecticut, Sikorsky plant, when a heavy stack of boxes containing blades tipped over as it was being removed from a trailer by United employees, pinning plaintiff against the side of the trailer. A personal injury claim was promptly made by Michigan counsel and investigated by Liberty, United's insurance carrier in Michigan, where plaintiff was under treatment. Settlement negotiations were carried on, Liberty admitting that there was liability, and promising to pay plaintiff's damages, but both sides awaiting the progress of plaintiff's physical recovery.

After the one-year Connecticut negligence limitations period had run, Liberty declined to pay, asserting that United was not solely liable. Suit was thereafter brought in Connecticut by Connecticut counsel. United interposed the defense of the statute of limitations, Conn. G.S.A. § 52–584, which was upheld on United's motion for summary judgment.

Plaintiff endeavored to avoid the bar of the statute by pleading wilful and intentional injury, breach of contract of care in unloading, fraud, waiver and estoppel to plead the negligence limitation, and contract to settle. The court found that there was no genuine issue as to any material fact and therefore granted summary judgment on United's motion, dismissing the action as to it under Dressler v. M. V. Sandpiper, 331 F.2d 130 (2d Cir. 1964).

■ We need not reach the question of whether an issue exists as to estoppel of United to rely on the limitations defense so far as the first, third and fourth counts are concerned.[1] Summary judg-

1. The Connecticut court, which we are bound to follow, would in all probability apply the limitations period for negligent injury to a claim for injury based on breach of a contract by ordinary negli-

gence, barring recovery on counts three and four in the absence of estoppel. Kennedy v. Johns-Manville Sales Corp., 135 Conn. 176, 62 A.2d 771 (1948); Abate, et al. v. Barkers of Wallingford,

ment was correct as to the first count, sounding in wilful and intentional tort, for there is no indication in the pleadings of any facts which could establish any purpose to injure the plaintiff on the part of United's employees. Counts three and four rely on a theory that the tariff under which the blades were carried included a promise, enuring to the benefit of plaintiff to use care in unloading. The court found no such contract, and with this we agree.

The second count (as well as counts three and four) is barred by the one-year negligence limitation unless there is an estoppel or waiver by United Aircraft because of Liberty's actions and misrepresentations. The court found that plaintiff's attorney's reliance on Liberty's promise to pay was not reasonable and failure to start suit in such reliance no basis for any estoppel of United. It did not pass upon the question of agency of Liberty or power to bind United in the negotiations.[2]

■■ We disagree with the court's ruling on the issue of waiver or estoppel. In holding that Liberty's actions, including a request for continued cooperation, could not be construed to imply a request not to bring suit, and in finding that Howard's reliance was not reasonable, we think the court has determined material issues which should be resolved on trial. If the representations were in fact made, as we must assume on this motion, a trier might find that Howard, plaintiff's Michigan attorney, was not unreasonable in concluding that Liberty impliedly contracted that technical defenses would not be raised if good faith negotiations failed to reach an agreement on amount. As the court realized, on the motion for summary judgment, if there is a choice of inferences to be made from the subsidiary facts contained in the affidavits, one of which, viewed in the light most favorable to the party opposing the motion, supports his position, summary judgment is not proper. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). We differ with the court in the application of the principle, however. Here Howard's affidavit, R. pp. 212–214, does furnish foundation for a possible inference that Liberty sought and obtained postponement of suit by its requests for cooperation, admissions of liability and promises to pay plaintiff's damages. Since the affidavit and the file show that in reliance on the claimed promises plaintiff did refrain from bringing suit until after the statute had run, the elements of a promissory estoppel to raise the defense may be present and the question must be resolved after trial and not on motion.

The Connecticut Superior Court in Hebrew University Association v. Nye, 26 Conn.Sup. 342, 223 A.2d 397 (1966), quoted with approval Restatement 1 Contracts § 90, "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Here there was evidence of such forbearance, after a claim promptly made, injury and liability had been admitted, full investigation was promptly had on behalf of defendants, and the purpose of the statute had thereby been served. No injustice would be done by holding defendants to a promise not to impose the bar of the statute. On the claim of promissory estoppel, issues of fact exist which should be resolved on trial.

■ The fifth count is based on a claimed contract of settlement. Connecticut courts have refused to enforce such a claim where amount was not agreed on, and negotiations had terminated prior to the running of the statute, although

---

et al., 27 Conn.Sup. 46, 229 A.2d 366 (1967); Del Chario v. Connecticut Co., 12 Conn.Sup. 286 (1944).

**2.** The insurance policy is not in evidence so we do not know whether the usual provisions that the insurer may act as agent for the insured in settlement negotiations were in effect, nor whether there is other evidence on the agency issue.

recognizing that a defendant may be estopped by his agreement, conduct, representations or fraud from asserting the bar of the statute. Dotolo v. Petrucelli, 152 Conn. 654, 211 A.2d 696 (1965); 3 Conn.Cir. 687, 223 A.2d 221 (1966). A trier, on the facts pleaded and the affidavit of Howard, could find and enforce an implied promise to refrain from raising a defense of limitations if Howard withheld action pending negotiations, even though it might not, under *Dotolo*, enforce it as a promise to pay an indefinite amount.

Count six sounds in fraud and deceit. The court found no evidence of intent to deceive and appellant points to none. No sufficient issue exists to require resolution on trial rather than on motion.

Judgment of dismissal affirmed as to counts one, three, four and six, reversed as to counts two and five.