GERTRUDE DOTOLO v. ARTHUR J. PETRUCELLI, SR.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 7-635-3423

Argued August 29, 1967—decided April 26, 1968

*James M. S. Ullmann,* of Meriden, for the appellant (defendant).

*David Brown,* of Meriden, for the appellee (plaintiff).

DEARINGTON, J. The complaint contains three counts for (1) damages claimed for personal injuries alleged to have resulted from the negligent acts of the defendant as therein set forth; (2) an amount claimed to have been agreed to in a written compromise settlement between the plaintiff and the defendant, and (3) an amount claimed to have been agreed to in an oral compromise settlement between the plaintiff and the defendant. In taking judicial notice of the background of this case, it appears that it was first before the Appellate Division of the Circuit Court on April 6, 1964, on an appeal by the defendant from a summary judgment entered for the plaintiff on the second count, which judgment was affirmed. Thereafter, the defendant petitioned the Supreme Court for certification for an appeal, which was granted. *Dotolo* v. *Petrucelli,* 152 Conn. 724. The Supreme Court, in reviewing the case, found error in that the correspondence between the parties did not show the unequivocal acceptance by the defendant of the amount demanded in settlement, and the court thereupon set the judgment aside and remanded the case with direction to render judgment for the defendant. *Dotolo* v. *Petrucelli,* 152 Conn. 654, 657. The plaintiff thereafter went forward on the first count, and a summary judgment was rendered for the defendant on

the ground that the suit was instituted on May 4, 1963, and was barred by the Statute of Limitations applicable in a suit in negligence. General Statutes § 52-584. This judgment was affirmed, on appeal, by the Appellate Division of the Circuit Court. *Dotolo* v. *Petrucelli*, 3 Conn. Cir. Ct. 686. Thereafter, the plaintiff went forward on her third count and obtained a judgment from which the defendant now appeals to this court.

Briefly, it may be said that the third count alleges that the plaintiff was injured on January 30, 1962, when an automobile in which she was a passenger was struck in the rear by an automobile operated in a negligent manner by the defendant's agent, and thereafter, in consideration by the plaintiff of forbearance of suit, the defendant orally agreed to pay the plaintiff $975. The plaintiff did refrain from commencing any action, but the defendant has refused or failed to pay her the said amount. Since the causes of action set forth under the first and second counts have been adjudicated as noted above, we are restricted to the cause alleged under the third count. The plaintiff has, however, by reference incorporated in her third count several of the allegations set forth in both her first and second counts. The defendant answered by way of a general denial, and in a special defense he has alleged that the plaintiff, having made an election of remedies, has thereby abandoned count three and further that the right of action stated in the first count, incorporated by reference in the third count, did not occur within one year before the commencement of this action.

In his appeal, the defendant has assigned error in the denial of his motion to correct the finding; in the failure to sustain the defense of election of remedies; and in the failure to sustain the defense of the Statute of Limitations. It seems to be admitted that the plaintiff's claim was not disputed or doubtful

and that the negotiations between the parties were conducted in the interest of monetary settlement rather than a compromise of a disputed claim.

The defendant assigns error in the denial of his motion to correct the finding by striking four paragraphs on the ground that they are not supported by the evidence. Two of the paragraphs as found by the court are essential to the plaintiff's cause. The defendant sought to strike paragraphs eleven and twelve. In paragraph eleven the court found that Aloisi (a Massachusetts attorney representing the plaintiff, who was a resident of that state) in a telephone conversation with the defendant told the defendant that payment of the stated sum had to be made immediately, as he, Aloisi, only had about two weeks left to employ a Connecticut attorney and commence action. In paragraph twelve the court found that the defendant told Aloisi that the case was settled and he was getting the money to pay Aloisi and that he, Aloisi, did not need to get a Connecticut lawyer. The evidence indicates that two or three days after January 16, 1963 (date of last letter from Aloisi to the defendant), the defendant called Aloisi on the telephone and "he told me [Aloisi] that he had received my letter in which I was standing firm at $975. He told me that he had tried to save money, but he could see now that he had to pay the $975, which he said to me was fair and reasonable. I told him I have got to get that money, and I have to get it immediately because as you understand I cannot delay the decision with respect to the engaging of a lawyer in Connecticut in view of the fact I have only got less than two weeks and he said to me, 'The case is settled. You don't have to get a lawyer. I am getting the money. I have made application to a bank and I am going to get the money to pay you.' Well that was the 18th or 19th of January." Five or six days later, Aloisi, not having received the

money, called the defendant, and the defendant stated, "The money is due in a day or two from the bank, and you needn't worry about anything, and there is no point in your hiring a lawyer and spending money for a lawyer when the case is settled." The two remaining corrections sought were not warranted. Upon these facts, the defendant was not entitled to the corrections sought.

The finding, which incorporates statements of fact agreed to by stipulation, may be briefly stated as follows: On January 30, 1962, the plaintiff, while a passenger in an automobile being operated on a Connecticut highway, was injured as the result of a collision involving an automobile owned by the defendant and being operated by his son within the purview of the family car doctrine. The plaintiff, a resident of Massachusetts, retained a Massachusetts attorney, Salvatore Aloisi. In an attempt to settle the matter without litigation, Aloisi corresponded with the defendant and had several telephone conversations with him relative to settlement. In his letter to Aloisi on January 15, 1963, the defendant had acknowledged that $975 was a reasonable figure and that he would have to work to raise the money by borrowing it and he requested Aloisi to take a little less. On January 16, 1963, Aloisi wrote to the defendant stating that $975 was the minimum amount that would be accepted. This concluded the correspondence, which was reviewed by the Supreme Court adversely to the plaintiff. *Dotolo* v. *Petrucelli*, 152 Conn. 654. Thereafter, several telephone conversations ensued between Aloisi and the defendant, and these alleged conversations constitute the subject matter upon which the action is predicated. Upon receipt of Aloisi's letter of January 16, 1963, the defendant called Aloisi and the conversation ensued as set forth in the preceding paragraph. The defendant was familiar with the

legal effect of the running of the Statute of Limitations. Aloisi refrained from referring the matter to Connecticut counsel during this time. On January 30, 1963, not having received the money, Aloisi called the defendant and inquired about the money. The defendant answered, "The year is up and you can do what you please."

The following conclusions were reached by the court: (1) The plaintiff had an actionable claim against the defendant; (2) the defendant orally promised the plaintiff's agent, Aloisi, that he would pay $975 in settlement of the plaintiff's claim and in consideration of the plaintiff's forbearance of suit against the defendant; (3) this agreement became firm and binding prior to January 29, 1963. The court then found the issues for the plaintiff and rendered judgment against the defendant in the amount of $975.

We first consider the defendant's assignment of errors as it relates to the application of the Statute of Limitations applicable in a suit in negligence. General Statutes § 52-584. The defendant, adopting the law as applied by the Supreme Court in *Dotolo v. Petrucelli*, 152 Conn. 654, contends that the claimed oral agreement must be construed as was the alleged written agreement, that is, as not showing an unequivocal acceptance of the amount demanded in settlement. This being so, he argues, the rule of law in that decision would control, and if no unequivocal agreement was consummated, the Statute of Limitations, having been pleaded, would bar recovery. Our concern, then, is to determine whether the trial court's conclusion that an enforceable contract had been negotiated at the time alleged was sound as a matter of law. *Libero v. Lumbermens Mutual Casualty Co.*, 143 Conn. 269, 274. The defendant argues that in telling Aloisi that he had

made application to a bank and was going to get the money to pay Aloisi, he had made at most a conditional acceptance and not an unequivocal one as found by the court. Such statements, however, were subsequent to the statements by him which followed a demand for $975, wherein the defendant said, "The case is settled. You don't have to get a lawyer. I am getting the money." "All true contracts grow out of the intentions of the parties to the transactions, and are dictated . . . by their mutual and accordant wills." *Gustave Fischer Co.* v. *Morrison,* 137 Conn. 399, 403. The language used by the defendant can mean nothing other than that the defendant accepted the offer and the case was settled. The acceptance was not dependent upon the method by which the defendant might obtain the money. The acceptance was unconditional, and the fact that it was accompanied by a statement looking to the carrying out of its terms which did not limit or restrict the acceptance did not render it ineffectual or give it the character of a conditional or qualified acceptance. 17 Am. Jur. 2d, Contracts, § 65. "A conditional acceptance is in effect a statement that the offeree is willing to enter into a bargain differing in some respect from that proposed in the original offer." 1 Williston, Contracts (3d Ed.) § 77, p. 251. The contract had been made, and nothing remained to be done to establish contract relations. *New Haven Tile & Floor Covering Co.* v. *Roman,* 137 Conn. 462, 464. Since there was an acceptance of the plaintiff's offer by the defendant, the Statute of Limitations became inoperative as a defense.

The remaining assignment of error relates to the defendant's claim that the court erred in not sustaining his defense of election of remedies. The defendant in his special defense has alleged merely that the plaintiff has made an election of remedies. It is doubtful that such a naked assertion complies

with our requirements of pleading. A special defense consists of allegations of facts in much the same way as the complaint does. Stephenson, Conn. Civil Proc. § 105d. The facts establishing such an election should be pleaded and supported by proof. *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 195; 25 Am. Jur. 2d, Election of Remedies, § 34. Such infirmities, however, appear to have been waived. The defendant contends that the plaintiff had a choice between two inconsistent remedies and having proceeded on the written agreement is now estopped from pursuing her cause on the oral agreement. The court in its memorandum of decision, which we may consult for a better understanding of its decision; *Horton* v. *Vickers,* 142 Conn. 105, 112; found no inconsistency existed in the pleadings. While the doctrine of election of remedies is widely recognized, it has been widely criticized by the courts as not entirely in accord with the modern concept of procedure and as being a harsh doctrine, not to be extended. *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 479; 25 Am. Jur. 2d, Election of Remedies, § 3; see *Politzer* v. *Jeffrey, Inc.,* 133 Conn. 605, 606; *Gerber & Co.* v. *Wilson,* 114 Conn. 378, 382. The doctrine is applicable, however, where the remedies sought are inconsistent. *National Transportation Co.* v. *Toquet,* supra. The pleader cannot take contradictory positions, that is, "[w]here the facts upon which the different remedies depend are antagonistic—the facts alleged for the purposes of one remedy directly contradicting the facts necessary to be alleged for the purposes of the other— the party is not entitled to both, although he may have an election." *Turner* v. *Davis,* 48 Conn. 397, 400. Thus the inconsistency is not really between the remedies but rather between the state of facts relied on as the basis of another remedy, one state of facts being repugnant to and negating the exist-

ence of the other state of facts. If we confine ourselves strictly to the question of inconsistency, a requisite element without which the doctrine is inapplicable, we conclude that no inconsistency was presented in the modes of redress sought. The assertion of a written agreement was not inconsistent with that of an oral agreement, the circumstances in each instance being different, although arising out of the same subject matter. Ordinarily, the remedial rights sought must arise out of the same state of facts. See 14 Words & Phrases (Perm. Ed.), "Election of Remedies," for judicial construction and definitions of the doctrine. No error was committed by the trial court in failing to sustain the doctrine of election of remedies as a defense.

There is no error.

In this opinion MONKIEWICZ and WISE, Js., concurred.