MICHAEL WALKER *v.* HOBART W. KELLY ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 11-6811-3867

Argued March 5—decided April 27, 1973

*Norman E. Whitney,* of Hartford, for the appellant (plaintiff).

*James A. Kane, Jr.,* of Hartford, for the appellees (defendants).

DEARINGTON, J. The plaintiff, on behalf of himself and his minor son, Michael Walker, hereinafter referred to as Michael, brought this action against the defendants, parents of Sharon Kelly, their minor daughter. The plaintiff alleges that Sharon wilfully and maliciously assaulted Michael, causing a laceration over his right eye. The defendants in their answer deny the alleged assault and in a special defense allege that Sharon was five years of age and incapable of acting deliberately, wilfully and maliciously.

The action was brought under § 52-572 of the General Statutes, the pertinent part of which provided that the parents of any unemancipated minor who wilfully or maliciously caused injury to any person shall be liable with such minor for such injury to an amount not exceeding $750 if such minor would have been liable if he had been an adult.[1]

The finding, which the plaintiff did not move to correct, recites as follows: Michael and Sharon lived on the same street. Michael was eight years of

---

[1] Section 52-572 was amended in 1969 by increasing the recoverable damages to $1500. Public Acts 1969, No. 326. The assault alleged herein occurred on September 6, 1967.

age and Sharon was five. At the time, Michael was riding his bicycle on the street and Sharon was on the street with other children. On more than one occasion Michael rode his bicycle close to Sharon, and it appeared to her and other children that Michael was trying to run her over. One of the older children, Robert Blinn, twelve years old, told Sharon to throw a rock at Michael's bicycle. Sharon threw a rock, intending to hit Michael's bicycle, which at that time was moving fifteen or twenty feet away on the opposite side of the street. The rock struck Michael on the forehead, causing a laceration that required medical treatment.

The court concluded that (1) Sharon did not intend to strike Michael; (2) Sharon was too young and immature to appreciate the risk involved in throwing a rock at Michael's bicycle; (3) Michael's injury was not inflicted wilfully or maliciously.

The plaintiff has assigned error as follows: (1) The court erred in failing to find that Sharon intended to strike Michael; (2) a child of five years of age may be held responsible for acts of violence; (3) Sharon's testimony indicated that she acted wilfully and maliciously.

The plaintiff's first assignment of error attacks the court's first conclusion, not on the ground that it is unsupported by the subordinate facts, but rather on the ground that the court failed in its finding to recite certain evidence favorable to the plaintiff. In short, the plaintiff asks this court, in effect, to correct the finding by including such material. The plaintiff has not challenged the finding by a motion to correct. The rules pertaining to appeals arising in the Circuit Court provide that, "[i]f the appellant desires to have the finding of subordinate facts corrected, he must, within two weeks after receipt of the finding, file his motion

for such correction." Practice Book § 981. If such correction as is requested is not made, the mover may then assign such failure or refusal to correct as error and this court may then "examine the evidence presented in the motions to correct and as to any finding concerning which error is assigned it may itself correct the finding . . . and . . . may remand the case for further finding." Practice Book § 985. Thus, the trial court must be afforded an opportunity to correct its finding. *Fellenbaum* v. *Markowski,* 4 Conn. Cir. Ct. 363, 365; see Practice Book Forms 818, 819 (B) (2). Since, however, the assignment of error is vital to the plaintiff's cause, it will be considered.

It appears from the certified transcript of the evidence that Sharon testified on direct examination when asked to relate what happened: "A.—Well, I was trying to go over to Lisa Blinn's house and Michael was trying to run me over with the bike and so I picked up a rock and I threw it. I meant to hit him in the fingers but by mistake, I hit him in the head. Q.—Before you threw the rock, Sharon, do you remember Bobby Blinn saying anything? A.— He said that aim . . . 'Throw the rock, but aim for the fingers.' Q.—Did you mean to hit Michael with the rock at all? A.—No." Thus, we have conflicting testimony from the witness. No further interrogation on this subject was pursued either on direct examination or cross-examination. Perhaps it should be added that Bobby Blinn, referred to by Sharon as the one who suggested that she throw a rock at Michael, testified that he suggested "to one of the girls [he could not remember which girl; the trial occurred three and one-half years after the incident] that they throw a rock or aim the rock at the bicycle." This fact is recited in the finding.

Where there is conflicting evidence in the testimony of a witness, it is a function of the trier to

accept the testimony which is believed. "[T]he trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony. . . . 'A trier's . . . use of the testimony of a witness on some points does not preclude its rejection on others.'" *Humphrey* v. *Argraves,* 145 Conn. 350, 355; *State* v. *Magoon,* 156 Conn. 328, 333; see Practice Book § 985. It cannot be said that the court erred in its finding in that it accepted part of the testimony of Sharon and rejected other portions where the evidence was conflicting. The trial court is in a far better position than an appellate court to evaluate the testimony of a witness—from observation of the witness, from the surrounding circumstances, and from a consideration of the entire evidence. Especially is this so where, as here, the witness is of tender years. The court's conclusion that Sharon did not intend to strike Michael was warranted on the facts found.

The plaintiff has further assigned error in the court's conclusion that Sharon was too young and immature to appreciate the risk involved in throwing a rock at Michael's bicycle. This assignment will be discussed together with the plaintiff's final assignment, that is, whether Sharon's act was wilful or malicious, since the statute provides that the injury, if damages are recoverable, must result from a wilful or malicious act.

Ordinarily, tort liability attaches regardless of age where the nature of the act is such that children of a like age would realize its injurious consequences. 42 Am. Jur. 2d, Infants, § 141, and cases cited. "However, where a tort requires a particular state of mind, and an infant because of his age or mental capacity, is incapable of forming such state of mind, he cannot be found guilty of the tort. Accordingly, although an infant of quite tender years may be held liable where the only intention

necessary to the commission of a tort is the intention to perform the physical act in question . . . such an infant cannot be held liable where malice is the gist of the tort and he is too young to formulate the necessary malicious intention . . . ." Ibid. The statutory requirement is that the act must be done "wilfully or maliciously" if recovery is to be successful. "A wilful or malicious injury is one caused by design. Wilfullness and malice alike import intent. . . . [Its] characteristic element is the design to injure, either actually entertained or to be implied from the conduct and circumstances." *Sharkey* v. *Skilton,* 83 Conn. 503, 507; see *Lentine* v. *McAvoy,* 105 Conn. 528, 531; *Rogers* v. *Doody,* 119 Conn. 532, 535; *Crescenti* v. *Nailor,* 16 Conn. Sup. 197; *Shinabarger* v. *United Aircraft Corporation,* 262 F. Sup. 52, aff'd in part, 381 F.2d 808. Wilfulness and malice import intent. *Sharkey* v. *Skilton,* supra. "Intent is a question of fact, the determination of which is not reviewable unless the conclusion drawn by the trier is one which could not reasonably be drawn." *Walter* v. *Home National Bank & Trust Co.,* 148 Conn. 635, 638; see *Bianco* v. *Darien,* 157 Conn. 548, 557; *Hess* v. *Dumouchel Paper Co.,* 154 Conn. 343, 349; 52 Am. Jur. 2d, Malice, § 6. It is evident from the finding that the court considered the surrounding circumstances and the ages of those involved and that it concluded that Sharon did not wilfully or maliciously intend to injure Michael. Since this conclusion is logically supported by the finding, it must stand.

There is no error.

In this opinion KINMONTH, J., concurred.

JACOBS, J. (concurring). I join the opinion of the court based on the finding that Sharon, a five-year-old child, did not intend to strike Michael and that Michael's injury was not inflicted wilfully or mali-

ciously. These findings of fact are not challenged, for, as the court's opinion points out, the plaintiff did not, as was his right, seek corrections in the finding. In other words, whether a minor of tender years has conducted himself with the care and prudence due from one of his years, experience and intelligence is strictly a question of fact for the trial court.

There is, however, a statement in the record before us which reads as follows: "To find the defendants' child liable for such an act would be to impose upon a child of five years a standard of conduct and maturity of judgment not reasonably to be expected of children of such tender age."[2] This statement, which appears in the trial court's memorandum of decision, is an incorrect statement of the law and one which we cannot and should not overlook.

In *Jennings* v. *Rundall,* 8 T.R. 335, 101 Eng. Rep. 1419, decided in 1799, Lord Kenyon, in a leading English case, said (p. 337): "[I]f an infant commit an assault, or utter slander, God forbid that he should not be answerable for it in a Court of Justice." Thus, in *Garratt* v. *Dailey,* 49 Wash. 2d 499, the defendant, a boy aged five years and nine months, pulled a chair out as the plaintiff, an adult woman, was in the act of sitting down in the chair. When she hit the ground, she sustained a fractured hip. The court assumed that the defendant did not intend to hurt her. But the evidence indicated that the boy knew what would happen and thus intended, in effect, to hit her with the ground. The plaintiff recovered a judgment of $11,000 against the boy. And in *Ellis* v. *D'Angelo,* 116 Cal. App. 2d 310, a

---

[2] The record discloses that the infant (Sharon) was not made a party defendant in the action; hence, under no circumstances, could the trial court render judgment against the infant. Why the infant was not made a party defendant, *quaere.*

four-year-old child was held capable of intending the violent and harmful striking of another. "Accordingly, infants are held liable for assault and battery, trespass to land, conversion, defamation, seduction, deceit, and negligence." Prosser, Torts (4th Ed.) p. 996; see 1 Harper & James, Torts § 8.13, p. 658; Fleming, Torts (2d Ed.) pp. 24–25; 43 C.J.S., Infants, § 103.

Since the trial court found lack of intent on the part of the child and that Michael's injury was not inflicted wilfully or maliciously, the judgment is logically supported by the subordinate facts and therefore should be affirmed.