[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 2, 1993, the plaintiff, Rita P. Carroll, filed this two count complaint against the defendant, Safeco Insurance Company of America (Safeco). In count one, the plaintiff alleges that the defendant breached its duty to negotiate a settlement in good faith. The plaintiff alleges inter alia the CT Page 3504 following facts: On May 31, 1991, while the plaintiff was driving an automobile, she was hit from behind by a motor vehicle owned and negligently operated by Stephen S. Madaffari. Mr. Madaffari was insured by Safeco. On February 5, 1993, the defendant Safeco, offered to settle that accident case for $9,000.00; "[t]hereafter, negotiations continued." Later "[t]he defendant, Safeco, through its agent refused to continue negotiations and withdrew the offer because formal litigation had not commenced." The plaintiff did not commence suit because she relied to her detriment on the fact that the defendant was negotiating a settlement with her. In count two, the plaintiff alleges that the conduct of the defendant constituted a violation of the Connecticut Unfair Trade Practices Act, General Statutes 42-110a, et seq.
On December 9, 1993, the defendant filed an answer and three special defenses as to each count. In its first special defense, the defendant alleges that the plaintiff's injuries were caused by her own negligence. In its second special defense, the defendant alleges that the plaintiff's claim for the accident is barred by General Statutes 52-584. In its third special defense, the defendant alleges that "[t]he plaintiff fails to state a claim upon which relief can be granted."
On February 2, 1994, the defendant filed a motion for summary judgment on the plaintiff's complaint on the ground that "there is no genuine issue of material fact, and that the defendant is entitled to judgment as a matter of law." The defendant also filed a memorandum of law, the affidavit of Martin A. Chamberlin, the Safeco adjuster for the plaintiff's claim from March 25, 1993 to September 10, 1993, and the affidavit of Bradford L. Scofield, the Safeco adjuster for the plaintiff's claim from June 3, 1991 to March 25, 1993. Mr. Chamberlin and Mr. Scofield both state that "[a]t no time did I ever indicate, directly or indirectly, that either our insured, Stephen Madaffari, or Safeco Insurance Company would waive the Statute of Limitations in this matter, or that the plaintiff should not bring suit within the applicable Statute of Limitations period." Scofield states that on February 3, 1993, he offered to settle the claim for $9,000.00, but that this offer was rejected by the plaintiff's attorney, Dean B. Kilbourne, who demanded $18,000.00. The defendant has attached to the affidavits notes of the adjusters' telephone conversations with Attorney Kilbourne and correspondence between the plaintiff's CT Page 3505 attorney and Safeco. This correspondence includes a letter dated February 5, 1993, from Mr. Scofield to Attorney Kilbourne, offering a settlement of $9,000.00; a letter dated March 1, 1993, from Attorney Kilbourne to Mr. Scofield that refers to the letter of February 5, and states "[i]n light of the foregoing, your offer is unacceptable, and my client is not willing to accept any less than our original demand"; and a letter dated March 24, 1993, from Attorney Kilbourne to Mr. Scofield with an update of the medical bills and the statement "[p]lease advise me whether or not you are in a position to settle this matter per my original demand."
On February 28, 1994, the defendant filed an opposing memorandum of law, the affidavit of Dean B. Kilbourne, and the affidavit of Rita P. Carroll. Attorney Kilbourne states that Mr. Scofield made a $9,000.00 offer on January 8, 1993, and that Mr. Chamberlin withdrew that offer on September 8, 1993, after the statute of limitations for the matter had run. The plaintiff states that she told Attorney Kilbourne not to accept the $9,000.00 offer and directed him to continue to attempt to settle the case. She states that she did not file suit because she believed that the defendant would negotiate a settlement.
It is not disputed that the statute of limitations ran on May 31, 1993.
Summary judgment is appropriate when the pleadings, affidavits and other supplementary documentation show that there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. Practice Book 384; Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329
(1993). The court must view the evidence most favorably to the nonmovant. Id. The movant bears the burden of proof to show that there are no material issues of fact in dispute. Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993).
The defendant argues that the act of negotiation does not automatically impose a duty on the defendant and that plaintiff did not plead facts indicating that the defendant or its agents made a statement to induce her to rely on said statement to her detriment. In addition, the defendant argues that only the insured may raise a claim against an insurance company for an unfair settlement practice.
The plaintiff argues that whether the defendant's actions CT Page 3506 justified the plaintiff's reasonable reliance in not instituting suit before the statute of limitations ran is a question of fact in dispute.
An insurance company who misleads a claimant about the statute of limitations may be estopped from asserting the statute of limitations. Krupa v. Kelley, 5 Conn. Cir. 127, 245 A.2d 886 (App.Div. 1968); Kilburn v. Keenan, 27 Conn. Sup. 394,396-97, 20 A.2d 213 (1967), citing Lippitt v. Ashley, 89 Conn. 451,480, 94 A. 995 (1915). The elements of estoppel that must be proved by the plaintiff are 1) that the defendant did or said "`"something calculated or intended to induce [the plaintiff] to believe that certain facts exist"'" and 2) the plaintiff must have changed her "`"position in reliance on those facts, thereby incurring some injury."'" Lunn v. Tokeneke Assn., 227 Conn. 601,607, 630 A.2d 1335 (1993). "For estoppel to exist, there must be misleading conduct resulting in prejudice to the other party." Id.
 The defendants are entitled to rely on the Statute of Limitations as a defense to this action and are not liable for damages occasioned to the plaintiffs by the running of the statute unless the defendants' conduct or representations were directed to the very point of obtaining the delay of which the defendants afterward sought to take advantage by pleading the statute.
Krupa v. Kelly, supra, 130, citing Lippitt v. Ashley, supra, 480. The insurance company "must be guilty of some affirmative act of concealment — of more than mere silence. Zimmer v. General Electric Co., 126 F. Sup. 690 (D. Conn.)." Id. An insurance company is "not estopped to rely on the Statute of Limitations where the plaintiffs were delayed in commencing suit, not by misrepresentations of the defendants, but by negotiations." Id.; Cf. Dotolo v. Petrucelli, 152 Conn. 654,211 A.2d 696 (1965). "`It is also well established that mere negotiations toward an amicable settlement afford no basis for an estoppel, nor do mistakes, misunderstandings or lack of knowledge in themselves toll the running of the statute.'" Krupa v. Kelley, supra, 132.
The plaintiff has neither alleged nor shown any facts that the defendant misrepresented or mislead her about the statute of limitations. Accordingly, the defendant's motion for summary judgment is granted as to count one. CT Page 3507
A claim that an insurance company has engaged in an unfair settlement practices has "been held to be actionable for insureds only, not for third-party claimants." Peterson v. Allstate Insurance Co., 7 Conn. L.Rptr. 376, 378 (September 17, 1992, Hennessey, J.). An insurance company does not have a duty to settle fairly with third party claimants. Wissler v. Papastavrou, 5 CSCR 476 (June 12, 1990, Berdon, J.); Taylor v. Nationwide Mutual Insurance Co., 3 CSCR 625 (June 22, 1988), McDonald, J.); Thompson v. Aetna Life Casualty Company,3 CSCR 648 (May 15, 1987, Satter, J.).
The summary judgment is also granted as to count two because the plaintiff is a third-party claimant who does not have a cause of action for an unfair insurance settlement practice against the defendant in this matter.
/s/ William J. Sullivan WILLIAM J. SULLIVAN, J.